PATRICK MAHER, Plaintiff in Error, vs. THE STATE OF MINNESOTA, Defendant in Error.

ERROR TO THE DISTRICT COURT OF WINONA COUNTY.

The statute providing that a person held to answer a charge for a public offence may challenge the panel of the grand jury, or any individual juror, before they retire, and after they are sworn and charged by the Court, is permissive in its nature, and does not oblige the Court or prosecutor to bring into Court the party held, (even if imprisoned,) before the grand jury are charged. He has the right to make the challenge if any cause exists. But if he makes no attempt to assert the right at the proper time, and is not prevented from asserting it, he waives the privilege, and the indictment will not be set aside.

Maher *v.* State of Minnesota.

The statute prescribes a certain form of the oath to be administered to the jury on the trial of criminal cases not capital, as well as in capital cases; upon the trial of a capital case, the jury were sworn in accordance with the form prescribed for criminal cases not capital. *Held*—to be error, and that the form prescribed by statute should be strictly followed.

In a case of felony, one of the jurors separated himself from his fellows, for a time, without the attendance of the officer having the jury in charge, after they had retired to deliberate upon their verdict. *Held*—that the fact of separation is sufficient ground for a new trial, without regard to the length of time of the separation, and without showing a tampering with, or even a conversation with the juror, upon the subject of the trial.

SMITH & GILMAN, Counsel for Plaintiff in Error.

C. H. BERRY, Attorney General, for the State.

*By the Court*—EMMETT, C. J.   It is the policy of the law to protect all persons against unfounded and malicious charges of crime, and it is therefore provided that no one shall be put on trial for any felony until he shall have been charged therewith by an indictment, found by a grand jury, composed of citizens of the State and county where the offence is triable, sworn to inquire of the public offences committed or triable within the county, and to present no person through hatred, malice or ill-will.   As the grand jury, however, does not try offences, but only inquires into and presents them to the Court, by indictment or presentment, there is no necessity for the same strictness in selecting and empaneling it as is necessary in regard to the petit jury which is to pass upon the truth of the charge.   Still, · the statute has in this respect provided reasonable safeguards against improper influences, and other abuses, and for the exclusion of improper persons from the grand jury.

*Sec.* 13 *of Chap.* 115, *of the Statutes of* 1851, as amended, provides that a person held to answer a charge for a public offence may challenge the panel of the grand jury, or any individual grand juror, *before* they retire, after they are sworn and charged by the Court.   The two sections immediately following specify the causes for which such challenges may be made.

None of these enumerated causes, nor, indeed, any other cause for challenge was found to exist in the case before us; nor does it appear, nor is it contended, that the prisoner asked, cr demanded, or was denied the right to a challenge.   He did not attempt to assert, nor was he prevented from asserting,

the right of challenge; nor is it claimed, as we before observed, that any cause of challenge, either as to the panel or any individual juror, actually existed. His Counsel take the broad ground that as he was imprisoned at the time the grand jury was empaneled and sworn, he had no opportunity to challenge the panel, and therefore that the indictment should have been set aside.

Had it appeared that he had been denied this right, or been prevented from exercising it, and that any sufficient cause of challenge existed, a far different question would have been presented; but to allow a prisoner to sleep upon his rights until after indictment found, as in this case, and then to hold this very negligence as fatal, puts it into the power of almost every person under arrest to avoid the indictment by failing to object to the grand jury, or else forces the Court or prosecutor to drag him, however reluctant, to the court room, whenever the grand jury is to be empaneled and sworn.

It will be observed that the language of the statute is permissive only; and by examining *Sec.* 13 as it stood before amendment, it will further appear that the Legislature considered the actual existence of a cause of challenge of so little importance, that unless the objection be taken before the grand jury retires it will not avail. At the time of the passage of the statute, no indictment could be found until after the person charged had been held by a magistrate to answer for the offence; and there was therefore an evident propriety in putting the right of a person thus situated, to challenge the jury, beyond a question; but it does not follow that he could not waive it, by neglecting to assert it, especially as the challenge, whether sustained or not, could not affect the guilt or innocence of the accused, but is only preliminary to the trial, which is the all important matter. Now, however, as an indictment may be found in the first instance, there is a large class of persons who would have no opportunity of challenging the grand jury before they retire to deliberate, and yet the statute would seem to exclude all objection afterwards.

We see no error in the objection first urged.

Another error assigned is that the jurors who tried this case

were not sworn according to the form required in capital cases. The statute is as follows:

"*Sec.* 205. The following oath shall be administered to all jurors for the trial of all criminal cases not capital: 'You shall well and truly try the issue between the United States (State of Minnesota) and the Defendant (or Defendants as the case may be) according to evidence; so help you God.' In capital cases the following oath shall be administered to the jurors: 'You shall well and truly try, and true deliverance make, between the United States (State of Minnesota) and the prisoner at the bar, whom you shall have in charge, according to evidence; so help you God.'"

The oath actually administered as appears by the return in this case, was that required in cases not capital, and not the oath prescribed in a capital case. The jurors were "sworn to try the issues joined" not "well and truly to try and *true deliverance make*." This is not sufficient. The Statute has made the distinction and prescribed the form, and it requires no argument to show that it is error to disregard it. The proposition has but to be stated to meet with general assent.

Another of the errors assigned is in our opinion equally fatal. It appears that after the jury had retired to deliberate upon the verdict, one of the jurors separated himself from his fellows, for a time without the attendance of the officer having the jury in charge. He was gone it seems but a very short time, and it is not shown that he had communication with any person while absent, but in a case of felony, the fact of separation is sufficient without regard to length of time, and we think it is clearly settled by authority that it is unnecessary to show a tampering with a juror, or even a conversation with him on the subject of the trial.

We held in the case of the *State vs. Hoberg*, that it was fatal to the verdict for the judge to call at the jury room after the jury had retired and merely advise them as to their duty in a certain contingency. The present case presents much stronger grounds for our interference; with the additional consideration, that the life of the prisoner is here involved, while in the case of the *State vs. Hoberg* the offence was not capital.

A new trial is awarded.