## THE STATE OF NEVADA, Respondent, v. CHARLES F. JOHNSON, Appellant.

INDICTMENT—MISSTATEMENT OF LEGAL APPELLATION OF CRIME.  Where, after the amendment of the crimes act, substituting "assault with intent to kill" (Stats. 1873, 119) for "assault with intent to commit murder" (Stats. 1861, 64), an indictment designated the offense charged as an "assault with intent to commit murder," and specially charged an assault "with intent to kill and murder," and the accused was convicted of "assault with a deadly weapon with intent to inflict a bodily injury": *Held*, that the failure to state the legal appellation of the crime in the charging portion of the indictment was a defect of form and, no objection having been taken by demurrer, could not have prejudiced the defendant.

ASSAULT WITH INTENT TO "KILL AND MURDER"—SURPLUSAGE.  Where an indictment in setting out an assault with intent to kill charged an "intent to kill and murder": *Held*, that as there was no statutory offense of an attempt "to kill and murder" or "to murder," the words "and murder" were unmeaning and should be rejected.

OBJECTION TO INDICTMENT FOR CHARGING TWO OFFENSES—DEMURRER.  An objection to an indictment, that it charges more than one offense, should be taken by special demurrer.

APPEAL from the District Court of the First Judicial District, Storey County.

The defendant, having been convicted of the crime of assault with intent to commit bodily injury, was sentenced to confinement at hard labor in the State prison for the term of two years.  He appealed from the judgment.

*R. H. Taylor*, for Appellant.

I.   An indictment under a statute must follow the statute strictly, and recite it substantially.  Neither the words *contra formam statuti*, nor any periphrasis, intendment, or conclusion will make good an indictment which does not bring the fact prohibited, in the doing of which the offense consists, within all the material words of the statute.  1 Hale's

P. C. 517; 2 Hale's P. C. 170; 2 Hawk. P. C., Ch. 25, Sec. 110; 1 Wharton's Am. Crim. Law, Sec. 364, and cases there cited.

II.    There is a substantial difference between "intent to commit murder" and "intent to kill." The latter may exist where the party intends only such killing as amounts to manslaughter.  1 Bishop Crim. Law, sec. 667, note 1; *State* v. *Nichols*, 8 Conn. 496; *Nancy* v. *State*, 6 Ala. 483; *State* v. *Burns*, 8 Ala. 313; *Beasley* v. *State*, 18 Ala. 540; *Scitz* v. *State*, 23 Ala. 42; *Ogletree* v. *State*, 28 Ala. 693; *Commonw.* v. *McLaughlin*, 13 Cush. 615; *Rex* v. *Curran*, 3 Carr. & P. 397; *Rex* v. *Coe*, 6 Carr. & P. 403; *Rex* v. *Howlett*, 7 Carr. & P. 274.

III.    There has been in this State, since March 4, 1873, when section 47 of the act of 1861 was repealed, no such public offense as "an assault with an intent to commit murder."  But it is clear that an indictment which charges "an assault with intent to kill *and* murder," is an indictment charging "an assault with an intent to commit *murder*." Murder includes killing; but killing is not necessarily murder.  "Murder" is therefore the stronger expression; consequently it cannot be rejected as surplusage.  Surplusage in pleading is *redundancy*—it is matter which adds nothing to the force of the pleading.  If there be surplusage in the phrase "with intent to kill and murder," it is to be found in the word "kill."  Under the law of 1861 this indictment would undoubtedly have been good.  It would not have been good under that law if the words "and murder" are surplusage.  But they are not surplusage, being of the essence of the offense charged.

*L. A. Buckner*, Attorney General, for Respondent.

I.    The words used in the indictment are those of the statute: "An assault with intent to kill;" but the words

" and murder " were uselessly added, but did not vitiate the pleading, or make it charge two separate public offenses. It is a rule of extensive application with reference to written instruments, and in the science of pleading, that matter which is mere surplusage may be rejected, and does not vitiate the instrument or pleading in which it is found. The offense charged is not murder, because no death is stated; on the contrary a mere attempt to commit a public offense is stated. It is not an assault to commit murder, because there is no such statutory offense as an assault to commit murder. It is therefore certain the district attorney did not intend, by the use of the conjunction, " and," to couple such offense with the public offense of " an assault with intent to kill," which was the offense he clearly intended to charge in the indictment, and did charge. If there had been any such offense as " an assault to commit murder," then it is probable the word " and " might have been regarded as connecting two phrases; for the words quoted last would have been a technical phrase, and construed as such, but not being technical they are to be construed in their usual acceptance.

II.    If the indictment states facts sufficient to constitute a public offense, although it may charge more than one offense, it can only be taken advantage of on special demurrer.

III.    The preamble of the indictment is mere matter of form. In *The State* v. *Anderson,* 3 Nev. 256, it is said " that part of the indictment charging the defendant with the commission of a crime by name * * * is simply formal, and could be omitted entirely," &c. It has been so held frequently in California. *People* v. *War,* 20 Cal. 117; *People* v. *Beatty,* 14 Cal. 566.

By the Court, BELKNAP, J.:

The legislature of 1873 amended section forty seven of
the crimes act of 1861 by substituting for the offense, "as-
sault with intent to commit murder," that of "assault with
intent to kill." Stats. 1861, 64; Stats. 1873, 119. Subse-
quently the defendant was charged by indictment with "an
assault with intent to commit murder." The specific accusa-
tion reads: "that on the twenty-first day of April, A. D.
1873, or thereabouts, at the County of Storey, State of Ne-
vada, without authority of law, and with malice aforethought,
with a deadly weapon, to wit: a knife, the said Charles F.
Johnson, then and there being armed, did, without authority
of law and with malice aforethought, make an assault in and
upon one Wm. H. Virden, with intent to kill and murder
the said Wm. H. Virden, all of which is contrary," &c. No
objection was interposed to the indictment until a motion
was made to arrest judgment upon a verdict of guilty of an
assault with a deadly weapon with intent to inflict a bodily
injury, no considerable provocation appearing. The motion
was rested upon the ground that the facts stated in the in-
dictment do not constitute a public offense. The district
court denied the motion. Defendant appeals from the
judgment.

The failure to state the legal application of the crime in
the charging portion of the indictment is a defect of form,
and could not have prejudiced the defendant. *State* v. *Ander-
son*, 3 Nev. 256; *People* v. *Phipps*, 39 Cal. 326. The dis-
trict court had jurisdiction over the subject of the indict-
ment, and the judgment cannot be arrested if the facts
stated constitute a public offense. Stats. 1861, 466.

The objection urged upon this point is in stating the as-
sault to have been committed "with intent to kill *and mur-
der*." There is no statutory offense in this State designated
"assault with intent to kill and murder," nor "assault with

intent to commit murder." The words "and murder," are unmeaning in the indictment; rejecting them, an assault with intent to kill is sufficiently described. If, however, "an intent to kill," and "and' intent to commit murder" were distinct offenses, and the indictment charged more than one offense, objection should have been taken by special demurrer. Stats. 1861, 465, Secs. 286, 294.

Judgment affirmed.