[No. 721.]

## THE STATE OF NEVADA, RESPONDENT, *v.* PETER RIGG, APPELLANT.

INDICTMENT—ASSAULT WITH INTENT TO KILL.—It cannot be said that an indictment which charges "an assault with a deadly weapon with intent to kill," does not charge the statutory offense of "an assault with intent to kill," merely because it describes the means or instrument of the assault.

IDEM—STATEMENT OF THE CRIME.—It is not necessary to include in an indictment a formal statement of the crime of which the defendant is accused according to the statutory designation; a statement of the acts constituting the offense is sufficient.

IDEM.—It is not necessary in charging an assault to allege a present ability to kill or inflict injury.

CHALLENGE TO JURORS—WHEN DISALLOWED.—Where the defendant interposed a challenge to the panel of trial jurors on material departures from the forms and requirements of the statute in respect to the drawing and return of the jury, and there is nothing in the record to show that any evidence was offered in support of the challenge: *Held,* that the challenge should be disallowed, as a matter of course.

EVIDENCE TO BE CONSIDERED MUST BE CONTAINED IN A BILL OF EXCEPTIONS.—Evidence offered in a criminal case in support of objections made to the ruling of the court can only be considered when contained in a bill of exceptions.

JURY—OBJECTIONS TO—WHEN WAIVED.—Where the defendant voluntarily accepted the jury as it was obtained, waiving all exceptions: *Held,* that he could not, for the first time, object in this court that the jurors were not selected according to law.

DEADLY WEAPON—QUESTION OF LAW FOR THE COURT.—As a general rule, the question whether a particular weapon is deadly or not is one of law for the court and not of fact for the jury.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The defendant was convicted on the 20th day of April, 1875, of the crime of an assault with intent to kill one George Wallace, and sentenced to imprisonment in the State prison for the term of one year.

*P. H. Harris and L. A. Buckner,* for Appellant.

I. The district court erred in not allowing the challenge of the defendant to the panel of the trial jury. A challenge

to the panel can be founded only on a material departure from the forms prescribed by the statute in respect to the drawing and return of the jury, etc. (1 Comp. L., Sec. 1947.) "Form," in the above section, is the equivalent of mode or manner. The manner in which the jury should have been drawn is that prescribed in "An Act concerning juries," approved March 5, 1873 (Stat. 1873, 126). When an act requires a thing to be done in a particular way, that way alone can be pursued. (3 Brevard, 306–396; 15 Mass. 215; 9 Pickering, 496; 13 Pickering, 284: 3 Stewart & Porter, 13.)

It is conceded that if the statement had shown the drawing had not been in open court, the error would have been well assigned. The words of the statute are plain and unambiguous that a challenge to the panel of trial jurors can be founded on a material departure from the forms prescribed by statute in respect to the drawing and return of the jury, etc. (1 Comp. L., Sec. 1947.) There is no necessity of resorting to technical rules of construction; the legislative will must be obeyed. (3 Scammon, 161; 2 Peters, 662; 3 A. K. Marshall, 489; 1 Pickering, 45, 250; 9 Porter, 266.)

II. A trial jury for the offense charged, "assault with intent to kill," could not have been selected out of the number mentioned in the alleged certificate of the judge and clerk. (Sec. 7, Laws of 1875, amending Sec. 354, Stats. 1875, 118.)

III. The court erred in overruling the defendant's motion in arrest of judgment. Section 47, as amended March 4, 1873 (Stat. 1873, 118), provides for a class of crimes termed generally, "assaults with intent"—there being various kinds—"to kill; to commit rape; with a deadly weapon, instrument or other thing, to inflict a bodily injury where," etc. The indictment must be direct and certain. There is no such offense as "an assault with a deadly weapon with intent to kill;" and the indictment comes as near charging the last offense above named as it does the first. If it charges the last, then it is a misdemeanor.

IV. It is not true as a matter of fact that because a knife has a blade three or four inches long it is a deadly weapon. A jack-knife, the one offered in evidence, is not a weapon. It was not made for offense or defense. It may be used in a deadly manner; so may a common brass pin. Nor is it true that such an instrument, in the hands of an ordinarily strong and active man, is a deadly weapon when used to cut or stab another with. The *accident* of the person who uses it, and the manner in which it is used, do not change the character of the instrument. The word has a definite meaning, and qualified by the word "deadly," has a technical meaning. Bowie-knife and sword are deadly instruments, because they are designed for offense and defense.

*J. R. Kittrell, Attorney-General,* for Respondent.

I. In an indictment for assault with intent to kill, it is not necessary to set out a present ability to kill or to inflict injury; for where it is definitely charged that an assault has been made, it follows, as a matter of course, that the "present ability" to make it belonged to the assaulting party.

The charge of "an assault with intent to kill" is clearly made in the indictment, and in no manner can it be reasonably argued that, because the instrument with which such assault was made is named in the indictment, it is therefore vitiated or in anywise rendered defective or insufficient. The words "a deadly weapon," and "a knife," are simply surplusage, and therefore do not, nor cannot, impair what is good. (*State* v. *Lawry,* 4 Nev. 166.)

If the indictment is certain as to the person and the offense charged, and states all the acts necessary to constitute a complete offense, it contains all that is required by the criminal practice act. (*People* v. *Phipps,* 39 Cal. 326; *People* v. *Murphy,* Id. 52.)

II. The answer to the objections of defendant as to the mode of impaneling the jury, is found in the fact that it does not appear in the record that defendant excepted to, or in any manner objected to the exercise of the peremptory

challenge of Welch by the counsel for the State; on the contrary, the record shows that defendant consentèd to go to trial with the twelve jurors who remained after Welch had been peremptorily challenged by the district attorney.

III. The panel of jurors was properly drawn, and the provisions of the "act concerning juries" (1 C. L., Sec. 1054) strictly complied with, as is evident by the certificate of the judge and clerk.

IV. There is no bill of exceptions accompanying the transcript. The instructions given by the court on its own motion cannot be considered by the appellate tribunal, because they constitute no part of the record. (8 Nev. 137.)

In the absence of the evidence, it must be presumed that the instructions asked to be given by the prosecuting attorney, and actually given by the court, are warranted by and applicable to the proofs, unless the appellant shows that they could not under any state of proof have been correct. (*State* v. *Forsha*, 8 Nev. 137; *State* v. *Pierce*, Id. 302; *People* v. *Long*, 39 Cal. 697; *State* v. *Keith*, 8 Nev. 15.)

By the Court, BEATTY, J.:

The defendant appeals from a conviction upon the following indictment: (After the title): "Defendant above named is accused by the grand jury of the county of Humboldt of a felony, committed as follows: The said Peter Rigg, on the 13th day of December, A.D. 1874, or thereabouts, at the town of Winnemucca, in the county of Humboldt, State of Nevada, and before the finding of this indictment, without authority of law and with malice aforethought, .did feloniously assault one George Wallace with a deadly weapon, to wit, a knife, in the hand of said Peter Rigg, then and there held, with the felonious intent then and there to kill the said George Wallace, against the peace," etc.

To this indictment the defendant interposed the following demurrer: * * * "And for cause of demurrer charge that the indictment in the above-entitled action does not charge any public offense or any cause of action against the defendant, in this, that the defendant is charged with an

assault with a knife with intent to kill, but said indictment fails to charge defendant with a present ability to kill or to inflict injury, nor does it charge defendant with an attempt to kill or wound or maim or inflict other bodily injury: Wherefore," etc.

His demurrer was overruled, and he afterwards moved an arrest of judgment on substantially the same grounds, which motion was also overruled. These rulings are assigned as errors; and counsel argue that there is no such offense as "an assault *with a deadly weapon* with intent to kill." There is, however, such an offense as an assault with intent to kill, and it can hardly be said that an indictment does not charge that offense merely because it describes the means or instrument of the assault. If we have not mistaken the meaning of counsel, they seem to think that it is necessary to include in an indictment a formal statement of the crime of which the defendant is accused, according to its statutory designation. But such is not the case. The indictment, after the title, is required to contain only a statement of *the acts constituting* the offense. It is not required to give the name of the offense.

The indictment in this case follows the statutory form exactly, *mutatis mutandis*, with the additional allegation that the knife is a deadly weapon. This allegation may have been unnecessary, and consequently superfluous, but it certainly does not make the statement of the acts constituting the offense any less complete than it would have been without it. On the other hand, it does go to some extent to meet the opposite and inconsistent objection of the defendant that he is not charged with a present ability to kill or inflict injury. But it is not necessary in charging an assault to allege a present ability. (Comp. L., Secs. 1858–9, and Wharton's Precedents, 115.) We conclude that the indictment was good on special demurrer, and if so, it was clearly good on motion in arrest of judgment.

The next error assigned is the disallowance of defendant's challenge to the panel of trial jurors. The minutes of the court, included in the record, show that the defend-

ant interposed the following challenge to the panel: "The defendant challenges the panel of the jury on material departures from the forms and requirements of the statute in respect to the drawing and return of the jury, to wit: The certificate of the drawing does not show that the names constituting the jury-list of the county were written on separate slips of paper and deposited in the jury-box, and that the box was then thoroughly shaken, and that then the judge and clerk alternately drew from the box one ballot until" the proper number was obtained. This challenge was denied, and after argument the court overruled the defendant's objections. The minutes of the proceedings upon the trial of the challenge do not show that any evidence was offered in support of its allegations, if, properly construed, it alleges anything. And if the minutes had shown that evidence was offered, there is no bill of exceptions to show what the evidence was. The clerk, it is true, has copied into the transcript a paper that is referred to by counsel as the "certificate of the drawing" mentioned in the challenge; but it is scarcely necessary to say that the clerk's certificate does not make it a part of the record. If there was no evidence offered in support of the challenge, and, so far as we can know, there was none, it should have been disallowed as a matter of course.

The district court, having overruled the challenge to the panel, proceeded to select a jury. In so doing the practice under the old jury law was followed, instead of that prescribed by the new law. The defendant makes the objection in this Court for the first time, that this was error. But his objection comes too late. He voluntarily accepted the jury as it was obtained, waiving all exceptions, which he had a right to do.

Only one further assignment of error remains to be noticed. The court charged the jury, at the request of the State, that the knife produced in court was a deadly weapon, and if they found that defendant used that knife in the assault charged, then he used a deadly weapon. · The objection to this charge is, that the question, whether

the knife produced in court was a deadly weapon, was a question of fact for the jury and not of law for the court; that the jury, if left to decide it, might have found that the knife was not a deadly weapon, and, consequently, would not have inferred an intent to kill. But we find it laid down in Bishop's Cr. L., Sec. 335, that "the question, whether a particular weapon is deadly or not, is one of law for the court and not of fact for the jury." This statement in the text is fully borne out by the authorities cited, and no decision to the contrary has fallen under our observation.

As to the further objection that, if the court had the right to decide the question, it decided it erroneously, we can only say that, in the absence of a bill of exceptions, containing the evidence as to the character of the weapon, we must presume that the decision of the district court was correct. In indorsing the rule above quoted from Bishop's Criminal Law, we take occasion to add that it is probably subject to the qualification, that where the character of the particular weapon—whether deadly or not—is matter of doubt, or depends upon the manner in which it is used, the question should be left to the jury under a more general instruction as to what constitutes a deadly weapon.

The judgment is affirmed.