# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

STATE OF NEVADA,

OCTOBER TERM, 1884.

[No. 1184.]

## THE STATE OF NEVADA, RESPONDENT, v. CHARLES ANGELO, APPELLANT.

CRIMINAL LAW—OVERT ATTEMPT TO ESCAPE FROM PRISON—INDICTMENT.— An indictment, for an overt attempt to escape from the state prison, which alleges that the prisoner, while lawfully confined in the state prison under a judgment of a competent court for the crime of burglary, did make an overt attempt to escape therefrom, and did unlawfully, forcibly, and feloniously break out of the cell in said prison in which he was confined, and out of the building in which said cell was and is, contains a sufficient statement of facts to show the commission of the crime charged.

IDEM—TRIAL JURORS—OPEN VENIRE—DISCRETION OF COURT.—The question as to the necessity of selecting additional trial jurors by an open venire is within the discretion of the district court.

IDEM—OATH OF JURORS—WHEN SUFFICIENT.—The form of oath as prescribed by statute should always be followed; its substance cannot be dispensed with. An oath to jurors, as follows: "You, and each of you, do solemnly swear that you will well and truly try this cause, and a true verdict render according to the law and the evidence, so help you God:" Held, sufficient.

IDEM—EVIDENCE—PUNISHMENT AT PRISON.—The punishment which the prisoner received at the hands of the prison authorities after his recapture, having nothing to do with the question of his guilt or innocence, was properly excluded from the jury.

VOL. XVIII—54

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion.

*N. Soderberg,* for Appellant:

I. The indictment is fatally defective. It fails to allege or refer to any warrant or commitment authorizing defendant's incarceration in the state prison. (*State* v. *Hollon,* 22 Kan. 580 ; 2 Wharton Prec. 923, 924; 1 Comp. Laws, sec. 2076; Hurd on Hab. Corp. 252.) If defendant committed the acts charged in the body of the indictment, he was guilty of *an escape,* a different crime altogether from that charged against him. (*State* v. *Davis,* 14 Nev. 445.)

II. The jury were not properly sworn. (Proffatt on Jury Trials 257, 259.)

*W. H. Davenport,* Attorney General, for Respondent.

By the Court, HAWLEY, C. J.:

Appellant, having been convicted of an overt attempt to escape from the state prison, seeks the intervention of this court for a new trial.

1. He claims that his demurrer to the indictment should have been sustained upon the ground that the indictment did not allege the existence of any warrant or commitment, authorizing his incarceration in the state prison; and also upon the ground that the facts alleged in the indictment constitute the crime of an escape from the prison, instead of an overt attempt to escape therefrom. Neither of these positions are well taken. The indictment, tested by the requirements of the law of this state (Comp. Laws, 1858), is sufficient. It shows that appellant, while lawfully confined in the state prison, under a judgment of a competent court, for the crime of burglary, did make an overt attempt to escape therefrom ; that he "did unlawfully, forcibly and feloniously break out of the cell in said prison, in which he was confined, and out of the building in which

said cell was and is.'' This is a sufficient statement of facts
to show the commission of the crime charged. (1 Comp.
Laws, 2466.) It was unnecessary to aver in the indictment
that a certified copy of the judgment against appellant for
burglary, had been delivered to the warden of the prison.
The statute does not make that an essential fact to be
proved. It does require that the prisoner making the attempt
to escape shall be ''lawfully confined, * * * under
judgment of imprisonment, in said prison,'' and these facts
are fully set forth in the indictment. It was the judgment
against appellant for burglary that authorized his imprison-
ment in the state prison, and made his confinement therein
lawful. (*Ex parte Smith,* 2 Nev. 340.) The statute requires
a certified copy of this judgment to be given to the warden
as evidence of his authority to receive the prisoner and to
keep him confined in the prison. (1 Comp. Laws, 2076.)

That portion of the indictment which designates the
crime as an overt attempt to escape is merely formal and
might have been omitted. It is the recital of the facts in
the body of the indictment that constitutes the crime of
which appellant is charged. (*State* v. *Anderson,* 3 Nev.
256; *State* v. *Johnson,* 9 Nev. 178; *State* v. *Rigg,* 10 Nev.
288.) Hence, if the facts alleged constituted the crime of
an escape from the prison, appellant could have been tried
for that offense, and the verdict of ''guilty, as charged in
the indictment,'' would warrant the sentence imposed.
The statute makes no difference in the grade of these
offenses. It provides the same punishment for each. But
we are of opinion that the formal part of the indictment
correctly designated the offense as an overt attempt to
escape. The breaking out of the cell in which the prisoner
was confined, and out of the building in which the cell was
situate, did not necessarily constitute an escape from the
state prison, for if he was captured within the prison walls
he did not succeed in his attempt to escape from the prison.

2. Appellant challenged the panel of trial jurors on the
ground that the jurors were not ordered, drawn, or sum-
moned according to law, in this: that they ''were sum-

moned under an open *venire*, and without any necessity
existing for not drawing or summoning the jury herein in
the regular way," and claims that the court erred in not
allowing him to prove the truth of his objections.   The
statute provides for the issuance of an open *venire* in certain
cases, and leaves the question as to the mode of selecting
the jurors by open *venire*, or otherwise, to the discretion of
the court.   (Stat. 1881, 23.)   The order of the court recites
the statutory fact, "that the regular panel of trial jurors
*   *   *   has been exhausted," which justified the court
in issuing an open *venire*, and it also recites the fact that it
appeared to the court "that it was necessary to summon
additional jurors."   The offer as made was too general.   It
was not to prove any specific fact, as, for instance, that the
regular panel was not exhausted, or to give the number of
the jurors on the regular panel, if any.   The law leaves the
question of necessity to the discretion of the court, instead
of the judgment of the prisoner.   There is nothing in the
record which tends, in the slightest degree, to show that
the court abused its discretion.   The offer, as made, was
properly overruled.

3. The objection that the jurors were not lawfully sworn
is without any substantial merit.   The oath administered
was as follows :   "You, and each of you, do solemnly swear
that you will well and truly try *this cause*, and a true verdict
*render* according to *the law and* the evidence.   So help you
God."

The principle of the common law is that oaths are to be
administered to all persons according to their opinions and
as it most affects their consciences.   The criminal practice
act of this state does not provide any particular form of
oath to be administered, except in justice's courts, (1 Comp.
Laws, 2229), and this form is the one generally used in the
district courts, and is substantially the oath as usually ad-
ministered at common law.   It is as follows :   "You do
swear (or affirm, as the case may be) that you will well and
truly try this *issue between the State of Nevada and A. B.,
the defendant,* and a true verdict *give* according to the evi-
dence."

The only objection to the form of the oath administered in this case, worthy of notice, is in the use of the words "this cause" instead of "this issue between the State of Nevada and Charles Angelo, the defendant." The latter words are preferable, and it would always be best not to depart from the language of the statute in this respect. We do not, however, think that the change, as made, vitiates the solemnity of the oath, or is such a departure from the regular form as to entitle appellant to a new trial. The form of the oath, as prescribed by statute, should always be followed. The substance of the oath cannot be dispensed with. (*State* v. *Rollins*, 22 N. H. 528 ; *Harriman v. State*, 2 G. Greene 285 ; *Maher* v. *State*, 3 Minn. 444 ; *Bawcom* v. *State*, 41 Tex. 191 ; *Sutton* v. *State*, Id. 515 ; *Bray* v. *State*, Id. 561 ; *Morgan* v. *State*, 42 Tex. 224 ; *Edwards* v. *State*, 49 Ala. 336 ; *State* v. *Owen*, 72 N. C. 611.)

The oath to well and truly try "this cause" was the same in substance as an oath to well and truly try "this issue between the State of Nevada and Charles Angelo, the defendant." From an examination of the Texas cases above cited it will be seen that the courts of that state have been very strict in requiring the substance of the oath to be given. In *Faith* v. *State*, 32 Tex. 374, the precise point here presented was held insufficient to justify a reversal. The court said : "The jury were sworn 'well and truly to try *the cause* and a true verdict render according to law and evidence.' This, though not in the precise language of the statute, is a substantial compliance."

4. Appellant offered to prove "the punishment he had received at the hands of the prison authorities after his recapture, for the alleged offense." This was wholly immaterial. It had nothing whatever to do with the question of the guilt or innocence of the defendant, and was very properly refused.

We have specifically noticed all the objections relied upon by appellant which are presented by the record.

The judgment of the district court is affirmed.