Argued 6 November; decided 24 November, 1902.

## STATE v. DALY.

[70 Pac. 706.]

INDICTMENT FOR RESCUE—ALLEGATION OF INTENT TO ESCAPE.

1. An information under Section 1833 of Hill's Ann. Laws for aiding a prisoner to escape contains a sufficient allegation of intent when it alleges that defendant "did willfully, unlawfully, and feloniously assist * * in an attempt to escape" from a county jail, for it alleges co-operation in an actual effort to escape, which could not have existed without the intent by the prisoner to escape.

INDICTMENT—CHARGING GUILT OF PRISONER.

2. An information for aiding a prisoner in an intent to escape need not allege the facts showing the prisoner's guilt; it will be sufficient to state that the prisoner was lawfully detained in the stated place of confinement.

From Marion: GEORGE H. BURNETT, Judge.

John Daly was convicted of aiding another to escape from legal confinement, and appeals.            AFFIRMED.

For appellant there was a brief over the names of *Carson & Adams,* with an oral argument by *Mr. Loring K. Adams.*

For the State there was a brief and an oral argument by *Mr. D. R. N. Blackburn,* Attorney General, and *Mr. Julius N. Hart,* District Attorney.

MR. JUSTICE BEAN delivered the opinion.

1. The defendant was tried for and convicted of aiding another to escape from legal confinement. The essential parts of the information are as follows:

"That the said John Daly on the 26th day of April, A. D. 1902, in the County of Marion and State of Oregon, then and there being, did then and there willfully, unlawfully, and feloniously assist one Ralph Bland in an attempt to escape from the Marion county jail (a place where prisoners were then and there duly confined and held in the custody of the sheriff of said county), by then and there sawing and cutting the iron bars of said jail, with the intent then and there to effect, by sawing and cutting said bars, the escape of the said Ralph Bland, the said Ralph Bland being then and there duly and legally committed and de-

tained in said jail upon a commitment issued by J. O'Donald, Justice of the Peace for Salem District, in Marion County, Oregon, upon a charge of larceny in and from an office of two railroad tickets, the property of the Southern Pacific Company, of the value of $54.90, the said John Daly then and there well knowing that the said Ralph Bland was then and there in legal custody, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The information is based on Section 1833, Hill's Ann. Laws, which provides: "If any person shall convey into or about the yard or grounds of any penitentiary, jail, house of correction, or other place whatever for the confinement of persons upon any warrant, order, or other legal process, any disguise, material, instrument, tool, weapon, or other thing adapted to or useful in aiding any person or prisoner there committed or detained, with intent to effect or facilitate the escape of such person or prisoner, or shall by any means whatever aid or assist any such person or prisoner in an intent to escape, whether such escape be effected or attempted or not, such person, upon conviction thereof, shall be punished as in the following section provided." A glance at the information will show that the first part of the section quoted is not applicable to the case in hand, but the relative parts are that if any person "shall by any means whatever aid or assist any such person or prisoner in an intent to escape, whether such escape be effected or attempted or not, such person, upon conviction thereof, shall be punished," etc.

The objection to the information made after verdict is that it does not state a crime, because it is not alleged that Bland, whom the defendant is charged with having aided or assisted to escape, had at the time an intent to do so. That such an intent is an essential ingredient of the crime charged against the defendant, and should be averred, is unquestioned, but it is substantially so alleged. The information charges that the defendant assisted Bland in an attempt to escape, by doing certain specific acts. As he could not assist in an attempt to escape unless such attempt was actually made, the allegation is sufficient, after verdict, that Bland in fact attempted to escape, and, as an attempt to escape necessarily involves an intent to do so,

it follows that he had such an intent. There is, of course, a distinction between an intent and an attempt. Intent is a quality of the mind, and implies a purpose only, while an attempt implies an effort to carry that purpose into execution; but there can be no attempt until there has been an intent. Mr. Bishop says: "An attempt always implies a specific intent, not merely a general mental culpability. When we say that a man attempted to do a thing, we mean that he intended to do, specifically, it, and proceeded a certain way in the doing. The intent in the mind covers the thing in full. The act covers it only in part": 1 Bish. Cr. Law (5 ed.), § 729. An attempt, therefore, embodies both the intent to do a thing, and a direct ineffectual act done toward its commission: 1 McClain, Cr. Law, § 222. Hence the charge of an attempt necessarily includes and is equivalent to a charge of an intent to accomplish what was intended: *Johnson* v. *State,* 14 Ga. 55; *Prince* v. *State,* 35 Ala. 367. We are of the opinion, therefore, that the information sufficiently charges that Bland had an intent to escape.

2. Again, it is insisted that the information is insufficient because it does not adequately appear therefrom that Bland was confined in the jail under a commitment upon a proper charge of larceny, since the facts constituting the larceny are not set out. The information shows, substantially, that Bland was confined in the jail under a commitment issued by a justice of the peace upon a charge of larceny from an office; and this, in our estimation, was quite sufficient: *Gunyon* v. *State,* 68 Ind. 79; *State* v. *Addcock,* 65 Mo. 590. Bland's guilt or innocence of the crime for which he was committed was a wholly immaterial inquiry on the trial of the defendant. It was sufficient that he was lawfully committed to or detained in the jail, and it would be no defense for the defendant that Bland was in fact innocent of the offense for which he was imprisoned: *State* v. *Lewis,* 19 Kan. 260. That was a question for the court before which he might be called to answer. If it adjudged that he was innocent, he would be discharged without the aid or assistance of the defendant. The judgment of the court below is affirmed.

AFFIRMED.