[No. 1813]

## THE STATE OF NEVADA, RESPONDENT, v. C. CLARK, APPELLANT.

1. ESCAPE—INDICTMENT.

Comp. Laws, sec. 4208, provides that an indictment is sufficient if it can be understood therefrom that it is entitled in a proper court; that it was found by a grand jury of the proper district; that defendant is named or described; that the offense was committed at some place within the court's jurisdiction, and at some time prior to the time of finding the indictment; that the offense charged is clearly set forth in ordinary and concise language, and stated with such certainty as to enable the court to pronounce judgment upon a conviction. Section 4840 provides that every person lawfully confined in a county jail who shall escape or attempt to escape shall be punished. Accused was indicted for "the crime of attempting to escape from a county jail," in that, while accused was lawfully confined in the jail of said county under an indictment for burglary, he "did wilfully, unlawfully, and feloniously attempt to break out of said county jail and in pursuance of said attempt did wilfully, unlawfully, and feloniously break out of a cell in said county jail" in which he was confined, and assaulted and overpowered a jailer of said jail, contrary to the statute, etc.: *Held*, that the indictment sufficiently alleged that the acts complained of were done with the intent to escape, as the word "feloniously" means "done with intent to commit a crime," and with a design on the part of the accused to commit the felony with which he is charged, and the word "attempt" implies both an intent and an endeavor to accomplish it, and that the indictment complies with the requirements of section 4208.

2. ESCAPE—ADMISSIBILITY OF EVIDENCE.

In a prosecution for escape, evidence to establish the acts of accused in making the attempted escape as charged in the indictment are admissible to prove his criminal intent, as the logical deduction is that a person intended to do what he did.

3. CRIMINAL LAW—EVIDENCE—PRESUMPTION—OFFICIAL DUTY.

Where no irregularities appear, it will be presumed that public officers do as the law and their duties require them.

4. ESCAPE—NATURE AND ELEMENT OF OFFENSES.

Where a person is confined in a jail under an indictment regularly brought against him for a crime and he attempts to escape, he commits a crime, although the bench warrant under which he was arrested was irregularly issued, but, when the imprisonment is unlawful, the right to liberty is absolute, and the one who is confined is not guilty of the offense of escape by regaining it.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *F. P. Langan*, Judge.

C. Clark was convicted of an attempt to escape from jail, and appeals. **Affirmed.**

*Clarence C. Ward*, for Appellant:

I.  Proof of all the acts charged against the defendant in the indictment would not establish the crime charged in the indictment.  The crime charged in the indictment is the crime of attempt to escape from a county jail; the acts set out and alleged in the indictment as having been committed by defendant are that the said defendant while lawfully confined in the county jail of Esmeralda County, State of Nevada, did "wilfully, unlawfully and feloniously attempt to break out of said county jail, and in pursuance of said attempt did wilfully, unlawfully and feloniously break out of a cell in said county jail," in which he was confined, "and assault and overpower a jailer of said county jail." Proof that the defendant was lawfully confined in a county jail and did attempt to break out of said county jail would not be proof that the defendant attempted to escape from a county jail.  Proof that the defendant was lawfully confined in a county jail and while so confined did break out of a cell in said county jail, would not be proof that the defendant attempted to escape from a county jail.  Proof that the defendant was lawfully confined in a county jail and while so confined did wilfully and unlawfully assault and overpower a jailer of said county jail would not be proof that the defendant attempted to escape from a county jail, nor would proof that the defendant while lawfully confined in a county jail did attempt to break out of said county jail and did break out of a cell in said county jail and did overpower and assault a jailer in said county jail, establish the commission of a crime to escape from a county jail.

II.  The court erred in admitting, over defendant's objection, incompetent and immaterial evidence offered by the state.  In the testimony of W. A. Ingalls, the so-called bench warrant offered was incompetent, for the reason that there was no showing that said bench warrant was issued by any due and lawful authority.  If the court deem that the facts stated in the presentment constitute a public offense, triable within the county, it shall direct the clerk to issue a bench warrant for the arrest of the defendant.  (Comp. Laws, 4186.)  The clerk, on application of the district attorney, may, accordingly,

at any time after the order, whether the court be sitting or not, issue a bench warrant under his signature and the seal of the court into one or more districts.    There is nothing in the record to show that a bench warrant was ever ordered issued by the court.

III.    The bench warrant referred to in said testimony was incompetent, for the reason that the said bench warrant was not on the first day of August, 1908, the date of the alleged commission of the crime charged in the indictment, a live bench warrant and in force and effect for the purposes for which it was issued, as appears from the testimony of the said witness, Ingalls.    A warrant remains in full force until it is returned, but after it has been returned it is *functus officio.* (*State* v. *Queen*, 66 N. C. 615.)    After a warrant of arrest has been executed and return made, it is *functus officio* and no longer of any validity.    (*Com.* v. *Roark*, 8 Cush. 210; *Tubbs* v. *Turkey*, 3 Cush. 438.)    In the absence of a showing that the bench warrant was still in force and effect upon the date named in the indictment, it will not be presumed that it was in force and effect, and if it was not in force and effect, then it was incompetent and immaterial for any purpose whatever. Said bench warrant was incompetent and immaterial to any issue in this cause, for the reason that the testimony of the same witness showed that there was no connection between the confinement of the defendant in the jail and the bench warrant, the witness stating that all he knew about it was that he had a bench warrant in his pocket and the defendant in jail, not being able to say whether defendant was being at the time held in custody under the bench warrant or not.

IV.    The court erred in excluding competent, relevant and material evidence offered on behalf of the defendant at the trial.    The testimony cited under this heading of the appellant's bill of exceptions clearly shows that it was competent and material to the defendant's defense at the trial.

V.    The court erred in refusing to give to the jury the instruction offered by defendant at the close of the testimony on the part of the state, advising the jury to return a verdict acquitting the defendant.    We submit that the record herein shows that the state had not produced evidence sufficient to

establish the crime charged in the indictment herein against the defendant. There was no proof that the defendant was lawfully in custody at the time of the alleged commission of the acts set out in the indictment. For a person to commit the offense of escape, it is essential that he should have been held in lawful custody. (*People* v. *Ah Tung*, 92 Cal. 424.) To establish the crime of escape, the state must show by competent and relevant testimony that the defendant was lawfully imprisoned. (*State* v. *Whalen*, 98 Mo. 222.) If the warrant of arrest or commitment was void, a prisoner is not liable to escape. (*State* v. *Leach*, 7 Conn. 452; *State* v. *Lewis*, 19 Kan. 260.)

VI. The court erred in refusing to give to the jury instruction number five offered by the defendant. This indictment sets forth the elements necessary to constitute the crime of attempt to escape from a county jail, and as the matters therein set out were not covered by any other instruction given by the court, it was error for the court to refuse this instruction. In support of this we refer to the citations heretofore set out herein under the discussion of lawful confinement, overt act and intent; and further, these · elements (intent and overt act) must coexist in order to constitute an attempt to commit the crime. No degree of intent will of itself suffice, no matter how evil or malignant it may be; and so an attempt cannot be effected by any act alone, no matter how well adapted it might be to effect the criminal result if coupled with the intent. This is an elementary rule and recognized by all the authorities. (*Com.* v. *Wilson*, 30 Conn. 500; *Cunningham* v. *State*, 49 Miss. 702; *Cox* v. *People*, 82 Ill. 191; *Thompson* v. *People*, 96 Ill. 158; *State* v. *Lung*, 21 Nev. 209; *People* v. *Stites*, 75 Cal. 570; *Com.* v. *Clark*, 6 Grat. 675; *State* v. *Colvin*, 90 N. C. 717.)

VII. The verdict of the jury is contrary to the law and the evidence. On this point we submit the record and urge that the testimony produced was not sufficient to establish the crime charged in the indictment.

VIII. The court erred in overruling defendant's motion in arrest of judgment. The indictment herein does not state facts sufficient to constitute a crime punishable at law.

(1) The acts set out in the describing parts of the indictment are not such as would constitute the crime charged in the charging part of the indictment. (2) There is no allegation in the indictment that the acts alleged to have been done by the defendant were done with the intent to escape from a county jail or that said acts were done with the intent to accomplish any other unlawful act. Vide the authorities heretofore cited.

*R. C. Stoddard*, Attorney-General, for Respondent.

By the Court, SWEENEY, J.:

The appellant, having been tried and convicted of an attempt to escape from a county jail, and sentenced to ten years' imprisonment, now seeks the intervention of this court for a new trial. He contends that the trial court erred in admitting any testimony in the cause, for the reason assigned that the indictment is fatally defective because it is not specifically alleged in the indictment that the defendant did the acts complained of with the intent to escape, and, further, that the bench warrant, not having been legally issued, was insufficient to place the defendant in legal custody. A review of the record in this case will show that neither of these positions is well taken. The crime for which defendant was indicted reads thus: "Every person lawfully confined in a county jail, or in the custody of any officer or person, under a lawful arrest, who shall escape or break away from such officer or person, or shall escape from or break out of, or attempt to escape from or break out of, such jail, shall, on conviction thereof, be punished. * * * And in case such person is under arrest, or confined in jail, upon a charge of felony, and so escape, or break away from, such arrest, or escape from, or break out of, or attempt to break out of, such jail, then, upon conviction, he shall be punished by imprisonment in the state prison not less than one nor more than ten years." (Comp. Laws, 4840.)

The indictment, after due entitlement of court and cause, is as follows: "Defendants, C. Clark, Harry May, and W. O. Grady, above named, are accused by the grand jury of Esme-

ralda County, State of Nevada, by this indictment found this
4th day of September, A. D. 1908, of a felony, to wit, the
crime of attempt to escape from a county jail, committed
as follows: Said defendants, C. Clark, Harry May, and W. O.
Grady, and each of them, on the 1st day of August, A. D. one
thousand nine hundred and eight, or thereabouts, and before
the finding of this indictment, at the County of Esmeralda,
State of Nevada, were and each of them was lawfully confined
in the county jail of Esmeralda County, State of Nevada, under
an indictment returned by the grand jury of Esmeralda
County, State of Nevada, charging them, and each of them,
with the crime of burglary, and the said defendants, and each
of them, while lawfully confined in the said county jail as
aforesaid, at the time and place aforesaid, did wilfully, unlaw-
fully, and feloniously attempt to break out of said county jail,
and in pursuance of said attempt did wilfully, unlawfully, and
feloniously break out of a cell in said county jail in which
they and each of them were confined, and assault and over-
power a jailer of said county jail; all of which is contrary to
the form, force, and effect of the statute in such case made and
provided, and against the peace and dignity of the State of
Nevada.    A. H. Swallow, District Attorney of Esmeralda
County, Nevada."

This court has held that, where a specific intent is required
by statute to constitute the crime, such specific intent, being
an essential ingredient of the crime itself, must be alleged and
proved beyond a reasonable doubt. (*State* v. *Rodriquez*, 31 Nev.
342.)    The supreme court of this state, in line with the over-
whelming weight of authority has, however, also held that
when the statute forbids the doing of a certain thing, and is
silent concerning the intent with which it is done, a person
doing the unlawful act forbidden by law is guilty of the crime
charged, even though he had no wrongful intent beyond that
which is involved in the doing of the acts prohibited. (*State*
v. *Zichfeld*, 23 Nev. 304, 34 L. R. A. 784, 62 Am. St. Rep. 800.)
So, in the present case, admitting but not conceding, because
we believe with the jury otherwise, that the defendant had no
intention of escaping, the indictment sufficiently charges and
the record substantiates the charges that he did those things

charged in the indictment especially made criminal and forbidden by law. (*Commonwealth* v. *Mash*, 7 Metc. (Mass.) 472; *State* v. *Voight*, 90 N. C. 741; *Commonwealth* v. *Conley*, 163 Mass. 539, 40 N. E. 862; *Myers* v. *State*, 1 Conn. 502; *State* v. *Anderson*, 3 Nev. 256; *State* v. *Johnson*, 9 Nev. 178; *State* v. *Angelo*, 18 Nev. 425; *State* v. *Goodenow*, 65 Me. 30; *Hood* v. *State*, 56 Ind. 263, 26 Am. Rep. 21; *Davis* v. *Commonwealth*, 13 Bush, 318; Wharton's Criminal Evidence, 8th ed. sec 725.)

The Supreme Court of Oregon, in passing upon an indictment of a similar nature of crime to the one under consideration, very aptly observes and correctly quotes in support thereof authorities which sustain its position as follows: "The information charges that the defendant assisted Bland in an attempt to escape by doing certain specific acts. As he could not assist in an attempt to escape unless such attempt was actually made, the allegation is sufficient, after verdict, that Bland in fact attempted to escape, and, as an attempt to escape necessarily involves an intent to do so, it follows that he had such an intent. There is, of course, a distinction between an intent and an attempt. Intent is a quality of the mind, and implies a purpose only, while an attempt implies an effort to carry that purpose into execution; but there can be no attempt until there has been an intent. Mr. Bishop says: 'An attempt always implies a specific intent, not merely a general mental culpability. When we say that a man attempted to do a thing, we mean that he intended to do specifically it, and proceeded a certain way in the doing. The intent in the mind covers the thing in full. The act covers it only in part.' '(1 Bish. Cr. Law, 5th ed. sec. 729.) An attempt, therefore, embodies both the intent to do a thing, and a direct ineffectual act done toward its commission. (1 McClain Cr. Law, sec. 222.) Hence the charge of an attempt necessarily includes and is equivalent to a charge of an intent to accomplish what was intended. (*Johnson* v. *State*, 14 Ga. 55; *Prince* v. *State*, 35 Ala. 367.) We are of the opinion, therefore, that the information sufficiently charges that Bland had an intent to escape." (*State* v. *Daly*, 41 Or. 515, 70 Pac. 707.)

"The single word 'attempt' carries the double idea of both of an intent and the endeavor to accomplish it; a proposition

everywhere held." (2 Bish. New Cr. Procedure, sec. 91.) The word "feloniously" has been defined by Webster and by innumerable authorities in a legal sense to mean "done with intent to commit a crime," and when the word "feloniously" in an indictment is interpreted, it means that the act was done with the intent to commit a crime and with a design on the part of the perpetrator to commit the felony with which he is charged. (*State* v. *Hughes*, 31 Nev. 270; *State* v. *Douglas*, 53 Kan. 669, 37 Pac. 172; *People* v. *Willett*, 102 N. Y. 251, 6 N. E. 301; *State* v. *Noland*, 111 Mo. 473, 19 S.W. 715; *Phelps* v. *People*, 72 N. Y. 334; *People* v. *Butler*, 1 Idaho, 231; *People* v. *Conroy*, 97 N. Y. 68; *State* v. *Rechnitz*, 20 Mont. 488, 52 Pac. 264; *State* v. *Boyle*, 28 Iowa, 522; *Hamilton* v. *State*, 142 Ind. 276, 41 N. E. 588; *State* v. *Smith*, 31 Wash. 248, 71 Pac. 767; *State* v. *Halpin*, 16 S. D. 170, 91 N. W. 605.) The indictment, tested by the requirements of the law of this state (Comp. Laws, 4208), and the authorities herein cited and reasons given, is sufficient without the specific allegation of intent. As the supreme court of this state in the case of *State* v. *McGinnis*, 6 Nev. 109, has properly held that "criminal intent can only be proven as a deduction from declarations or acts, when the acts are established the natural and logical deduction is that defendant intended to do what he did do, and, if he offers no excuse or palliation of the act done, such deduction becomes conclusive"—the evidence admitted over defendant's objection which tended to establish the acts of defendant in making the attempted escape as charged in the indictment from which the jury deduced its verdict of guilty, was all properly admitted in evidence. (*State* v. *Rigg*, 10 Nev. 288; *State* v. *Angelo*, 18 Nev. 425.)

2. The defendant in the present case, while convicted of an attempt to escape from a county jail, was at the time of the outbreak held under an indictment regularly brought against him for burglary. The defendant has not shown any informalities or irregularities in the commitment which would justify this court in presuming that the clerk did not issue the bench warrant complained of in accordance with law. No irregularities appearing, the presumption is that public officers do as the law and their duties require them. (Lawson

on Presumptive Evidence, pp. 34, 53.)   We believe, however, that the defendant was legally held by the bench warrant issued under sections 4224, 4225, Comp. Laws.   Even though conceding appellant's contention that the bench warrant was irregularly issued, yet the defendant was legally in custody on the burglary indictment, and hence appellant's contention, if granted, would avail nothing.   The Supreme Court of California in the case of *People* v. *Ah Tung*, 92 Cal. 425, 28 Pac. 578, 15 L. R. A. 190, properly stated the law of escape when it said: "An escape is classed as a crime against public justice, and the law, in declaring it to be an offense, proceeds upon the theory that the citizen should yield obedience to the law; that when one has been, by its authority or command, confined in a prison that it is his duty to submit to such confinement until delivered by due course of law, no matter whether he was committed to await a future trial, or as punishment after judgment of conviction, or for any other purpose authorized by law.   But, when the imprisonment is unlawful, and is itself a crime, the reason which makes the flight from prison an offense does not exist.   In such a case the right to liberty is absolute, and he who regains it is not guilty of the technical offense of escape."

The indictment being substantially sufficient, and no error appearing to the prejudice of defendant's rights, the judgment of the lowert court is affirmed.

It is so ordered.