[No. 1816]
### THE STATE OF NEVADA, RESPONDENT, *v.* W. O. GRADY, APPELLANT.

1. ESCAPE—TRIAL—QUESTION FOR JURY.
    Questions of fact as to the intention of accused in making an attempted escape, with which he was charged, were for the jury.
2. CRIMINAL LAW—TRIAL—INSTRUCTION—PRESUMPTION OF INNOCENCE.
    An instruction that accused at the beginning of the trial is presumed to be innocent, the fact that an indictment had been found was not to be taken against him, and that it was the duty of the jury to reconcile, if possible, the evidence produced with the presumption of accused's innocence, is not prejudicial to accused.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *F. P. Langan*, Judge.

W. O. Grady was convicted of an attempt to escape from jail, and appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Clarence C. Ward*, for Appellant:

I. The trial court erred in admitting over defendant's objection incompetent, irrelevant and immaterial evidence offered by the state. To be admissible either for or against a defendant, evidence must tend to prove some fact in issue or some fact relevant to some fact in issue, and it must not be so remote as to be immaterial. (Stevens's Digest, Ev. Art. 2.) No evidence can be admissible which does not tend to prove or disprove the issue joined; and this rule is stronger in criminal prosecutions than in civil trials. (*Dyson* v. *State*, 26 Miss. 362; *Hudson* v. *State*, 3 Caldw. 355.)

II. There was no foundation laid showing that a lawful bench warrant was ever issued for the arrest of the defendant herein. If the court deem that the facts stated in the presentment constitute a public offense, triable within the county, it shall direct the clerk to issue a bench warrant for the arrest of the defendant. (Comp. Laws, 4186.) The clerk, on application of the district attorney, may, accordingly, at any time after the order, whether the court be sitting or not, issue a bench warrant, under his signature and the seal of the court, into one or more districts. (Comp. Laws, 4187.) Failure to show that the issuance of the bench warrant was ordered by

the court is failure to show that the issuance of said bench warrant was lawful.

III. The instruction offered by defendant at the close of the state's case should have been given by the court, for the reason that the testimony produced by the state was not sufficient to constitute proof of the commission by defendant of a crime punishable at law. There was no proof that defendant was lawfully in custody at the time of the alleged commission of the acts testified to. If the warrant of arrest or commitment was void, a prisoner is not liable for escaping. (*State* v. *Leach*, 7 Conn. 452; *State* v. *Lewis*, 19 Kan. 260.) *A fortiori*, where there is a void warrant of arrest and no commitment. Where the imprisonment is illegal, as, for instance, where it is under a void warrant, the offense (attempt to escape) is not committed. (*State* v. *Leach*, 7 Conn. 452.) For a person to commit the offense of escape, it is essential that he should have been held in lawful custody. (*People* v. *Ah Tung*, 92 Cal. 424.) To establish the crime of escape, the state must show by competent and relevant testimony that the defendant was lawfully imprisoned. (*State* v. *Whalen*, 98 Mo. 222.)

IV. Specific intent, when an essential element of the crime charged, must be alleged and proved; it cannot be implied, except in cases of completed acts, wherein the doer of the acts is presumed to have intended to do that which in fact he does do. (*Morgan* v. *State*, 33 Ala. 413; *Moore* v. *State*, 26 Tex. App. 322; *Pruett* v. *State*, 20 Tex. App. 129; *Harrell* v. *State*, 13 Tex. App. 374; *Davies* v. *State*, 2 Humph. 439; *Com.* v. *Wilson*, 30 Conn. 500; *Bowden* v. *State*, 12 Tex. Ct. App. 246; *White* v. *State*, 12 Tex. Ct. App. 259; *Gillespie* v. *State*, 13 Tex. Ct. App. 415.) An essential ingredient of the offense of escape from prison is that there should have been an intent on the part of the prisoner to escape. (*Riley* v. *State*, 16 Conn. 51; *State* v. *Murphy*, 10 Ark. 74.) An attempt to commit a crime is an act done in part execution of a criminal design, and possessing, except for failure to consummate, all the elements of the substantive crime. (Burrill's Law Dict.)

V. The court erred in instructing the jury on matters of law. We have but to view instruction number two, given by the court of its own motion, to observe the two defects therein

as claimed by appellant in his bill of exceptions herein. The language quoted in said instruction is not the language of any statute of Nevada, and does not announce any correct principle of law to the jury. The same view of the instruction discloses that it is meaningless at law. The jury being by this instruction left to a wide range of conclusions, it cannot be presumed that they were not persuaded by this instruction to reach a conclusion disadvantageous to defendant and against his legal rights. An ambiguous instruction should not be given. (*State* v. *Anderson,* 4 Nev. 265; *Fountain* v. *State,* 98 Ala. 40; *State* v. *Petit,* 119 Mo. 410; *State* v. *Hawley,* 63 Conn. 47; *Conrad* v. *State,* 132 Ind. 254.) An instruction which incorrectly states the law is erroneous, and, unless it is clear that no prejudices could have resulted, will cause a conviction to be set aside. (Clark Cr. Proc. 469; *Plummer* v. *State,* 34 N. E. 968; *State* v. *Brumley,* 53 Mo. App. 126.)

VI. The court erred in pronouncing and affixing the penalty which was pronounced and affixed by the court on the defendant herein. The verdict herein was to find the defendant guilty as charged in the indictment. The charging part of the indictment charges the defendant with having wilfully, unlawfully, and feloniously attempted to break out of a county jail, and having in pursuance of said attempt assaulted and overpowered a jailer of said county jail; which charge, if it constitutes anything, constitutes a charge of assault, which, we submit, will not support the judgment and sentence of the court as rendered herein.

*R. C. Stoddard,* Attorney-General, for Respondent:

I. In *State* v. *Rechnitz,* 20 Mont. 453, 52 Pac. 264, it is said: "It has been long settled that in an indictment for a common-law felony it is necessary to aver that the act charged was done 'feloniously'. (Hawkins's Pleas of the Crown, book 2, c. 25, sec. 55.) It means that the act was done with a mind bent on doing that which is wrong, or "as it has been sometimes said with a guilty mind." (Hawkins, J., in *Queen* v. *Folsom.*) "The word 'felonious' when used in an indictment means that the act was done with the intent to commit the crime; that is, the act was done with the design on the part of

the perpetrator to commit the felony with which he is charged."
(*State* v. *Boyle*, 22 Iowa, 522.) "The word 'felonious' prop-
erly alleges the intent." (*Hamilton* v. *State*, 142 Ind. 276, 41
N. E. 538.) "The word 'feloniously' means 'with intent to
commit crime'." (Webster's Dict.; *State* v. *Smith*, 31 Wash.
248; 71 Pac. 767.)

II.    The lawfulness of the commitment does not depend
upon the guilt or innocence of defendant. (*State* v. *Lewis*, 10
Kan. 280.) In *Rex* v. *Waters*, 12 Cox C. C. 390, the prisoner
was arrested without a warrant, taken before a magistrate and
remanded for three days. He broke out of the lockup and
returned to his house, but appeared before the magistrate at
the day fixed for his examination, and was discharged because
there was no evidence against him. He was, however, tried
and convicted of an escape and the conviction was sustained.

III.    In this case there was a valid indictment upon which
the appellant was arrested under a bench warrant, and was
being duly held thereunder at the time of his attempt to
escape. His being held in custody was absolutely lawful.
The testimony was ample and the verdict of the jury was the
only verdict that could have been rendered in the face of
undisputed facts. The judgment and proceedings of the trial
court should be affirmed.

By the Court, TALBOT, J.:

The defendant was indicted jointly with C. Clark and
Harry May for the crime of attempt to escape from the
county jail. He was granted a separate trial, and he has
appealed from the judgment directing his incarceration in the
state prison for ten years. At the time he attempted to
escape and in connection with such attempt joined in an
assault upon the jailer, he was confined in the county jail
under a bench warrant upon an indictment for burglary. So
far as appears, the indictment and commitment were regular
and the confinement proper. Questions of fact and relating
to the intention of the defendant in connection with the
attempted escape were for the jury which found him guilty as
charged in the indictment. The specifications of error pre-
sented are substantially the same as those this day determined

in the case of *State* v. *Clark*, 32 Nev. 145, who was convicted under the same indictment, and the decision in that case is conclusive in this one.

Exception was taken to Instruction No. 2 given by the court, which stated that the defendant at the beginning of the trial was presumed to be innocent, that the fact that an indictment had been found was not to be taken against him, and that it was the duty of the jury to reconcile, if possible, the evidence produced with the presumption of the defendant's innocence. This instruction was quite favorable to the defendant, and in no way detrimental to him.

Exception was also taken to the introduction of evidence, but, as the indictment and commitment were sufficient, the testimony was properly admitted.

The judgment of the district court is affirmed.