# Green *against* Howell.

6ws208
135  170

Testator after giving his wife an annuity directed his executors " to ascertain how much has been advanced by me to each and every of my children, &c. and how much each of them may be indebted to me on bond, note, book-account or otherwise, and to so divide the residue of my said property among my said children, &c. as that each child may have an equal share of my estate; that is, that the monies so advanced to any of my said children, &c. and for which they shall be indebted to me as aforesaid, be counted as so much paid on account of the share of such child in my estate," &c. .The testator at his death held notes of each of his sons, a book-account against one, and a bond and warrant of his son-in-law never entered up. On one of the notes he had received a year's interest eight years before the date of the will : on the others no interest was ever paid. *Held*, that the will converted the notes and bond and book-account from debts into advancements, and that no interest was chargeable on them.

ERROR to the Common Pleas of *Northampton* county.

An amicable action was entered between Enoch Green and John Stewart, executors, &c. of Eseck Howell, deceased, plaintiffs, and George G. Howell, defendant, in which the following agreement was filed :

"Whereas the said Eseck Howell at the time of his death held a note against the said George G. Howell, due and unpaid, for the

sum of $3892, which by the last will and testament of the said Eseck Howell, deceased, duly proved, &c. is to be deducted from the share coming to the said George G. Howell out of the estate of the said Eseck Howell, deceased. And whereas there is a disagreement between the said executors and the said George G. Howell, whether under the said will interest should be charged upon said note or not. It is hereby agreed that an amicable action in case be entered in the Court of Common Pleas of Northampton county of the term of April 1843, between the above parties, and the question whether interest should be charged upon the said note be submitted to the decision of the said court, with liberty to either party to take a writ of error from said decision to the Supreme Court, the said note and will to be taken as part of this case. If the court shall be of opinion that interest is chargeable upon the said note, then judgment to be entered for the said plaintiff for the amount due thereon to be ascertained by the prothonotary; but if in the opinion of the court no interest is chargeable on said note, then judgment to be entered for the defendant."

At the same time three other amicable actions were entered in said court to ascertain the same question, one, No. 98 of April term 1843, between said plaintiffs and Joseph Howell, reciting that, " whereas the said Eseck Howell at the time of his death held two notes against the said Joseph Howell for money received by him the said Joseph Howell of the said Eseck Howell, one for the sum of $1000 and the other for the sum of $2000, and also a book-account for the sum of $700.73, all which said notes and accounts were then, and yet are due and unpaid, and to be deducted out of the share coming to the said Joseph Howell out of the estate of the said Eseck Howell, deceased." Another between the said plaintiffs and Lorenzo Howell, upon agreement, reciting that, " whereas the said Eseck Howell at the time of his death held three notes against the said Lorenzo Howell, due and unpaid, one for $1000, one for $200, and the other for $1000, amounting together to the sum of $2200, which by the last will and testament of the said Eseck Howell, deceased, duly proved, &c. is to be deducted from the share coming to the said Lorenzo out of the estate of the said Eseck Howell." And another between said plaintiffs and Peter S. Michler, on agreement, reciting that, " whereas the said Eseck Howell at the time of his death held a bond against the said Peter S. Michler in the penalty of $3000, conditioned for the payment of $1500 on the 7th day of January 1826, with interest, accompanied by a warrant of attorney to confess judgment for the amount of said bond, which by the said will is to be deducted from the share of said estate to be paid to the trustee of Mrs Mary Michler, wife of the said P. S. Michler," all of said agreements continuing as the said first mentioned agreement to the end.

The notes and obligations referred to in said agreements were produced by the plaintiffs, and were as follows :

・[Green v. Howell.]

*Easton, December 25, 1827.*

$3892　　Twelve months after date I promise to pay to Eseck Howell three thousand eight hundred and ninety-two dollars, without defalcation, for value received.

GEORGE G. HOWELL.

(Endorsed)　"1829, Received December 29th two hundred and thirty-three dollars and fifty-two cents, being the interest on the within note for one year.　　　　E. HOWELL."

*Easton, October 18th, 1831.*

$1000　　Thirty days after date I promise to pay to Eseck Howell or order one thousand dollars, without defalcation, for value received.　　　　　　　　JOSEPH HOWELL, JUN.

*Easton, October 3d, 1832.*

$2000　　Five days after date I promise to pay to the order of Eseck Howell two thousand dollars, without defalcation, for value received.　　　　　JOSEPH HOWELL, JUN.

*Easton, February 14th, 1835.*

$200　　Sixty days after date I promise to pay to Eseck Howell or order the sum of two hundred dollars, without defalcation, for value received.　　　　LORENZO HOWELL.

*Lower Mount Bethel, April 9th, 1835.*

$1000　　Ninety days after date I promise to pay to Eseck Howell or order the sum of one thousand dollars, without defalcation, for value received.　　　　LORENZO HOWELL.

*Lower Mount Bethel, February 19th, 1835.*

$1000　　Ninety days after date I promise to pay to Eseck Howell or order the sum of one thousand dollars, with legal interest, without defalcation, for value received.

LORENZO HOWELL.

Bond and warrant of attorney, Peter S. Michler to Eseck Howell, dated January 7, 1825, in penalty of $3000, conditioned for payment of $1500 on the 7th of January 1826, with lawful interest for the same from the date hereof.

No judgment was entered on this.

Book-account, Joseph Howell, $700.73.

The said testator died leaving a widow and seven children surviving, viz. the said George, Joseph and Lorenzo Howell, Mary, wife of the said Peter S. Michler, Amanda, intermarried with Edmund B. Mixsell, Susannah and Ann Eliza, and in his will made part of the said cases, after sundry devises and bequests for the benefit of his widow and specific bequests of furniture and bank

[Green v. Howell.]

stock to his said daughters Susannah and Ann Eliza, both then single, the latter afterwards married to Henry Lockwood, M. D., proceeded as follows:

" Fifth, I give, devise and bequeath unto the said Enoch Green and John Stewart and their heirs and the heirs of the survivor of them, all my real estate, lands, tenements and hereditaments, with the appurtenances, wheresoever situate, and all my personal estate or other property of whatever nature or kind, to have and to hold the same upon the trusts and to and for the several uses hereinafter and before expressed and declared concerning the same; that is to say,

After the payment by them of my debts, funeral expenses and the personal legacies above bequeathed, I hereby direct my said executors and the survivor of them, as soon as conveniently can be after my decease, to ascertain the value of the whole of my said real and personal estate, then to set apart such a portion of the same as may be necessary to constitute a fund from the annual proceeds of which together with the rent of the said store, the annuity bequeathed aforesaid to my said wife, may be paid, then to ascertain how much has been advanced by me to each and every of my children and the husbands of those of my daughters who are or have been married, and how much each of them may be indebted to me on bond, note, book-account or otherwise, and to so divide the residue of my said property among my said children, to be paid to them or held to and for their use as hereinafter directed, as that each child may have an equal share of my estate; that is, that the monies so advanced to any of my said children or the husbands of such of my daughters as are, have been, or shall be married, and for which they shall be indebted to me as aforesaid, be counted as so much paid on account of the share of such child in my estate, (the legacies of stock above bequeathed to two of my daughters to be also reckoned as part of their shares), and upon the decease of my said wife to make like distribution among my said children, to be paid and held as aforesaid, of the proceeds arising from the sale of the said house and furniture bequeathed to my said wife for her life as aforesaid, and the fund so as aforesaid set apart for producing the said annuity of $600, (the like deduction as aforesaid to be made from the share of each child who may be still in advance of the others) so that my whole estate may be so divided that each of my children either during my life or after my decease may have received from me an equal portion with the others."

He then gave authority to his executors to sell real estate, and proceeded to direct how the shares to his said children should be paid and invested; and in relation to the share of his said daughter Ann Eliza, he directed as follows: "And it is my will and I do further hereby direct the said trustees and the survivors and survivor of them, to pay over the shares in my estate coming to my daugh-

[Green v. Howell.]

ter Ann Eliza by reason of the said division to my trusty friend Enoch Green aforesaid; in trust, that he will immediately invest and put out at interest, on good real security, the monies so paid over to him by reason of this bequest, and hold the same, with all other property that shall come to his hands as part of my said daughter Ann Eliza's share to and for the following use, viz. to pay the interest and income thereof and therefrom annually, at such times and places and in such proportion as he shall judge expedient, to my said daughter Ann Eliza during her life; and if my said daughter shall marry, and not thereafter during my life have been so advanced by me, it is my will, and I do hereby order and direct her said trustee to pay over to her immediately out of the said fund, the sum of $1000, to be absolutely hers; and after her decease I do order and direct the said Enoch Green to pay over and distribute the whole of the said fund equally among her children," &c.

All four said cases were argued together by consent, and the court in each case gave judgment for defendants.

Error assigned:

The court erred in giving judgment for defendants; they should have given judgment for plaintiffs and charged interest on the said debts.

*Maxwell* and *Hepburn*, for the plaintiffs in error. The notes and the bond were debts, not advancements. *Levering* v. *Rittenhouse*, (4 *Whart.* 130); *Haverstock* v. *Sarbach*, (1 *Watts & Serg.* 390); *Kreider* v. *Boyer*, (10 *Watts* 54). The testator distinguishes between debts and advancements. At all events, if the will changed them into advancements, they remained debts up to the date of the will, and interest is chargeable to that time for the value of the advancement as estimated at the time it is made. *Oyster* v. *Oyster*, (1 *Serg. & Rawle* 422). But the will shows an intention on the testator's part to charge interest. It distinguishes throughout between the advancements he had made and the debts due him from his children. The receipt of interest on the note of George also shows this intention. The testator throughout evinces a design to produce equality among his children, which can only be done by making those who have been advanced pay interest.

*Brooke* and *Brown*, contra. Equality would demand the opposite construction, as the presumption is that those who received money in advance left their home and provided for themselves, but those who remained were a charge to the parent. All these debts, except the bond, were barred by the Statute of Limitations, and would have been lost if the testator had died intestate. It is only by regarding them as advancements that the bar of the statute is saved. As to the receipt of interest, it was only in one instance, and was afterwards abandoned. On the whole will, the

[Green v. Howell.]

intent is plain that they should be put on the footing of advancements, and the interest, therefore, is not released. *Hall* v. *Davis,* (3 *Pick.* 450), is a case as nearly resembling the present as can be, and there the interest was held not chargeable. They also cited *Smith* v. *Porter,* (1 *Binn.* 212); *Wentz* v. *Dehaven,* (1 *Serg. & Rawle* 317); *Jer. Eq.* 90; *Hoak* v. *Hoak,* (5 *Watts* 82); *Musselman's Estate,* (5 *Watts* 9); *Hengst's Estate,* (6 *Watts* 87); *Watson* v. *Watson,* (6 *Watts* 257); *King's Estate,* (6 *Whart.* 370); 2 *Dess.* 127.

The opinion of the Court was delivered by

Gibson, C. J.—That the notes in question were originally evidence of debt, is not to be contested; for whatever may have been the ultimate purpose of the father, the monies advanced by him might have been recovered back, which shows they were not given absolutely in anticipation of the shares at his death. But whatever they were at first, he had power to turn them into advancements by his will; and he did so by directing his executors to ascertain how much had been advanced to each of his children, or how much each of them had been indebted to him, and to divide the residue of the property so that all should have equal shares, the monies advanced being considered as paid on account. It is evident that he used the word " indebted" as equivalent to the word " advanced;" and the question is whether the monies are to viewed as advancements from the date of the notes, or from the date of the will. The plaintiffs contend that interest ought to be charged respectively from the times when the notes, as such, would have begun to bear it; and that the principal sums cannot be treated, by relation, as advancements at periods further back. But the testator had power to order it otherwise; and when he said the debts should be treated as advancements, he made them such out and out, and gave them all the usual incidents, one of which is that they should be valued as of the time of the gift. Had he meant that they should be debts as regards interest, and gifts as regards the principal, he would have said so. It is pretty clear that he did not mean, from the first, that interest should be charged on any of the notes but one; for where an advancement is put into the form of a debt, the object is not accumulation, but to enable the father, as a creditor, to save something from the wreck of the child's property in case of misfortune; and the construction we have put on this will best accords with the actual intent.

Judgment affirmed.