# DUCKWORTH'S EX'RS *vs.* BUTLER AND WIFE.

[FINAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *What constitutes advancement or ademption of legacy.*—Where the husband's slaves, being under mortgage, are redeemed by his father-in-law, at his request, upon the understanding and agreement that they should be conveyed by deed to the wife, and are afterwards so conveyed to her; the redemption money being either furnished by the husband, or by his father-in-law on his credit and promise to repay,—this is neither an advancement to the wife by her father, nor an ademption or satisfaction, in whole or in part, of a legacy to her under a will previously executed by him.

2. *Presumption in favor of judgment.*—To authorize the reversal of a judgment on error, the record must affirmatively show that the action or ruling of the primary court was wrong : it is not enough that the appellate court cannot see that such action or ruling was right.

APPEAL from the Probate Court of Dallas.

IN the matter of the final settlement and distribution of the estate of Randall Duckworth, deceased, under his last will and testament, which was dated the 4th April, 1840, and which was duly admitted to probate after his death in May, 1851. In this will, the testator declared it to be his intention that his estate should be divided equally among his children; charging each with advancements made by him in his lifetime, which were particularly specified. The advancements made by him to Mrs. Delphia Butler, one of his daughters, were stated in the will to amount to $220; but, in addition to this sum, it was insisted by the executors and other legatees, that she was chargeable with the value of five negroes, which were conveyed by the said testator, by deed of gift bearing date November 2, 1844, to a trustee, for her sole and separate use. An issue on this point being made up between the parties, "the questions both of law and fact were submitted to the court, without the intervention of a jury"; and on the evidence adduced, the material portions of which are stated in the opinion of the court, and, therefore, require no particular notice here, the court refused to charge Mrs. Butler either with the value of these slaves, or with the amount paid by the testator for them. The executors excepted to this decision of the court, and they now assign it, with other things, as error.

BYRD & MORGAN, and D. S. TROY, for the appellants.

GEO. W. GAYLE, contra.

RICE, C. J.—The main controversy is in relation to the negroes mentioned in the deed of Mrs. Butler's father, dated 2d November, 1844, and the money paid on account of them to Bragg. From the evidence, we believe that the negroes originally belonged to the husband of Mrs. Butler; that he mortgaged them to Bragg; that they were redeemed by her father, at the request of her husband, and upon the understanding and agreement that they should be conveyed as they were conveyed by the said

deed of November 2d, 1844; and that the redemption was effected with money either belonging to her husband, or furnished upon his credit and promise to repay. The negroes of the husband, redeemed and conveyed by the father of his wife in accordance with such an understanding and agreement, cannot be justly regarded or treated as negroes conveyed by her father to her by way of advancement. The transaction is, in substance, a provision by the husband conferring a separate estate in the negroes upon his wife. Her father is used as a conduit to pass the title of the negroes, from the husband and Bragg, to the trustee named in the deed of November 2d, 1844, for her benefit. Under such circumstances, that deed cannot be regarded as a conveyance of the negroes by her father to her, by way of advancement, nor as an ademption or satisfaction, either in whole or in part, of her legacy under his will bearing date prior to the date of the deed.—May v. May, 28 Ala. R. 141; Grey v. Grey, 22 *ib.* 233; Walton v. Walton, 14 Vesey, 324; 2 P. W'ms' Rep. 357; Newnan v. Wilbourne, 1 Hill's Ch. R. 10; Green v. Howell, 6 Watts & Serg. 203.

If the money, with which her father redeemed the negroes from Bragg, was his own money, and not the money of her husband, the evidence shows that he paid it out under the agreement and understanding above mentioned, and upon the promise of her husband to refund it. Money of her father, thus paid out, may create a debt against her husband, but cannot be regarded as an advancement by her father to her, nor as an ademption or satisfaction, either in whole or in part, of her legacy under the will of her father bearing date prior to the payment.

2. The offer of the executors to read in evidence the answer of Randall Duckworth, one of the executors, to the bill in chancery, or such portions of the answer as were responsive to the bill,—the bill not being in evidence, was rejected by the court. We cannot say there was error in that respect. The answer is not set out, and the bill was not in evidence. And it is impossible for us to say, under these circumstances, that the whole answer, or

every responsive portion thereof, was legal and relevant evidence. As we cannot say that, we cannot say there was error in rejecting the offer. We cannot reverse merely because we cannot see that the court below acted correctly. To authorize a reversal, it must appear from the record, that the action or ruling of the court below was wrong. The record does not show that any ruling of the court below, excepted to by the appellants, was wrong; and the judgment must be affirmed.