# Edwards *v*. The State.

### *Indictment for obtaining Money under False Pretences.*

1. *Change of venue; when refusal is reversible error.* — A judgment of conviction for a felony will not be reversed, on account of the refusal of a change of venue (Rev. Code ), unless the record clearly shows that a proper application was made, and that it was improperly refused.

2. *Oath of petit jury.* — When the record shows that the jury, in a criminal case, were sworn " well and truly to try the issue joined," omitting the words, " and true verdict render according to the evidence " (Rev. Code, § 4092), this is a substantial compliance with the statute.

3. *Error without injury in admission of illegal evidence.* — The admission of evidence which, when offered, is inadmissible, — as where it is *primâ facie* irrelevant, or where secondary evidence is admitted without a proper predicate, — will not work a reversal when the record shows that the proper preliminary evidence was afterwards adduced.

4. *Obtaining money under false pretences; description of money.* — Under an indictment which charges that the defendant obtained, by false pretences, " five hundred dollars in money of the currency of the United States " (Rev. Code ), a conviction may be had on proof that he thus obtained five hundred dollars " in national bank notes."

FROM the City Court of Mobile.

Tried before the Hon. C. F. MOULTON.

The indictment in this case, which was found at the February Term, 1873, of said City Court, contained two counts. The first count charged that the defendant, with intent to defraud, " did falsely pretend to Thomas P. Miller, of the firm of Thomas P. Miller & Co. (composed of Thomas P. Miller, Rudolphus D. Williams, James C. Reynolds, and Jno. W. Miller) that he had at his credit, in the Citizens' Bank of Louisiana, at New Orleans, in the State of Louisiana, the sum of twenty-six hundred dollars in gold coin, and, by means of such false pretence, obtained from the said firm of Thomas P. Miller & Co. five hundred dollars in money, in currency of the United States of America." The second count charged that the false pretence was made to, and the money obtained from, Thomas P. Miller individually. On the day set for his trial, the defendant made application for a change of venue, alleging, on oath, that he could not have a fair and impartial trial in Mobile County, on account of the prejudices which had been aroused against him by the *Register* and *Tribune*, newspapers published in the city of Mobile, and by the declarations and influence of certain citizens of Mobile, whose names were mentioned in the affidavit ; and he set out in his application the newspaper articles which, as he alleged, had prejudiced the public against him. On the part of the State counter affidavits were submitted, made by the citizens named in the prisoner's application, denying that they had done anything to prejudice public opinion against him, or to prevent him from having a

[*Edwards v. State.*]

fair and impartial trial. The court refused the application, to which the defendant excepted.

The trial was had on issue joined on the plea of not guilty. The bill of exceptions purports to set out all the evidence adduced by the prosecution, and states that the defendant introduced none. Several exceptions were reserved by the defendant to the rulings of the court on the trial, all of which will be readily understood from the opinion of the court. The judgment entry recites that the jury, "being duly empanelled and sworn well and truly to try the issue herein, and having heard the evidence, the argument of counsel, and the charge of the court, render the following verdict."

BRICKELL, J. — 1. At common law, and by constitutional and statutory provision, all crimes are local. The grand jury inquiring and making presentment of them, and the jury finally trying, must come from the vicinage, — by which is intended the county of their commission. Yet, at common law, the necessity and right of removal of the final trial, when a fair investigation could not be had and an impartial judgment obtained in the county in which it is alleged the offence was committed, was fully recognized. It is said the allowance of such removal was part of the inherent common law jurisdiction of the court. It was exercised at the instance of the prosecutor, as well as in favor of the accused. In cases of felony, the power was exercised with great caution, and only when it seemed to be indispensable to an impartial administration of justice. *King* v. *Holden*, 5 Barn. & Ad. 347 ; 1 Bishop's Cr. Procedure, § 108. In this country, statutes have been passed in most of the states, regulating the exercise of this power of removal. These statutes are intended rather to declare and define the power, and the mode of its exercise, than to abrogate the common law principle. Of necessity, under the constitutional guaranty, they limit the right to the accused, and thus far depart from the common law. Sometimes the statute declares the right of a removal, on a proper application, absolute in the accused ; sometimes the application is, in terms, committed to the discretion of the court ; and sometimes, as in our statute, it is only declared that the accused, on a prescribed application, may have the trial removed. Without regard to the language employed in the statute, we have not found any authorities, holding the refusal of a removal as pertaining to that character of discretion which is not the subject of revision on error, except the former decisions of this court, which were expressly overruled by *Ex parte Chase*, 43 Ala. 303. The rule prevailing at common law, and which seems to prevail with singular uniformity in the different states, is,

[Edwards v. State.]

that a judgment of conviction, in criminal cases, should not be reversed because of the refusal of the primary court to grant the accused a removal, unless it clearly appears from the record that a proper application was made and improperly refused. 1 Bishop on Criminal Procedure, §§ 108–116. The presumption all appellate courts indulge in favor of the action of primary courts is here indulged. The appellate court must see that the primary court has erred. It is not enough that it may not appear clearly its action was right. We must see, and see clearly, that it was wrong. *Duckworth* v. *Butler*, 31 Ala. 164; *Griffin* v. *Bland*, 43 Ala. 542. We have carefully examined the affidavits produced on the application for a removal of the trial, and we cannot say we see clearly that the City Court erred in refusing it. All the facts stated in the application of the appellant are denied by the counter affidavits, except as to the newspaper publications. In these publications we discover nothing calculated to inflame the public mind, and stir up that degree of prejudice which would prevent or obstruct an impartial trial. They seem to us to be nothing more than the passing comment a newspaper usually bestows on such an event as the apprehension and detection of one who came near consummating a fraud, and not calculated to produce a lasting impression of the event itself. They bear no resemblance to the inflammatory publications which were the subject of consideration in *Ex parte Banks* (28 Ala. 28) and *Ex parte Chase, supra*. Not being able to see clearly that the court erred in refusing the application for a removal of the trial, its judgment on that point cannot be reversed.

2. The next objection urged to the judgment of conviction is, that the jury were sworn " well and truly to try the issue joined," omitting the words, " and true verdict render according to the evidence." This is the precise objection made and overruled in the case of *McNiel* v. *State*, at the January Term, 1872. See, also, *Bill Gardner* v. *State*, at the June Term, 1872. We are content to abide these decisions.

3. Turning to the bill of exceptions, the first exception is, that secondary evidence of the check given by appellant to Miller was received, no proper predicate for its introduction having been laid. If it was admitted that this evidence was objectionable when it was received, the destruction of the check, while in the possession of the appellant, being subsequently shown, the error of its admission was thereby cured. The rule on which this court has uniformly acted is, that if evidence *primâ facie*, irrelevant or inadmissible, becomes relevant or admissible at any stage of the cause, its admission is not an error which will operate a reversal, although when offered and received it was inadmissible. *Robinson's Adm'r*

[Keipp *v.* State.]

v. *Allison*, 36 Ala. 525; *Johnson* v. *State*, 29 Ala. 62; *King* v. *Pope*, 28 Ala. 601.

4. It is certainly true, that an indictment for obtaining money, or other thing of value, under false pretences, should aver with reasonable certainty the thing obtained, and that the evidence should correspond substantially with the averment. In this indictment the allegation is, that the appellant obtained "five hundred dollars in money of the currency of the United States;" and the evidence offered was, that he obtained five hundred dollars in "National Bank notes." It is strenuously urged by the counsel of appellant, that this evidence does not satisfy, and is variant from the allegation. The rule, as stated by Archbold, is: "If the indictment state an obtaining of 'money,' the allegation, so far as regards the description of the property, shall be sustained by proof of any amount of coin, or of any bank note, although the particular species of coin of which such amount was composed, or the particular nature of the bank note, shall not be proved." 3 Archbold's Cr. Pl. 471, 472. Applying this rule, there was no variance between the evidence and allegation, and the evidence satisfied the indictment.

We have considered all the matters in the bill of exceptions, and all presented by the record. There is no error authorizing a reversal, and the judgment of the City Court is affirmed.