## Malone, Administrator, v. Hundley.

*Action on Common Counts.*

1. *Non-claim; what sufficient to prevent bar of.* — Suggestion upon the record of defendant's death and an order of revivor upon *scire facias* to his administrators, the writ being served within eighteen months after the grant of administration, is a sufficient presentation to save a claim from the bar of the statute of non-claim of eighteen months.

2. *Presumptions on appeal; what will not be indulged.* — The appellate court will not presume that the complaint was amended by the addition of a certain count, from the mere fact that leave was given so to amend, if such presumption will militate against the judgment below.

APPEAL from Circuit Court of Limestone.
Tried before Hon. JAMES S. CLARK.
The opinion states the case.

CABANISS & WARD, for appellant.

[Malone v. Hundley.]

HOUSTON & PRYOR, *contra.*

MANNING, J. — Appellee brought suit in 1866 against Thomas B. Collier, appellant's intestate, upon a complaint for money due by account; for money lent; for money due upon an account stated between plaintiff and defendant; for goods, wares, and merchandise, sold by plaintiff to defendant; and for money paid by plaintiff at defendant's request.

At the Spring term, 1870, of the court, the death of Collier was suggested, and an order made that the administrator of his estate be made defendant by *scire facias;* which writ was issued, and was served on the administrator June 18, 1870.

The cause came to trial on the 23d of April, 1873, at which time defendant pleaded in short, by consent, the general issue, *non-assumpsit* by his intestate, and the statute of non-claim of eighteen months. The judgment-entry of the same date recites that the parties came by their attorneys, and leave was " granted by the court to the plaintiff to amend his complaint by adding a count for money had and received by the defendant *from* the plaintiff; and thereupon also came a jury of good and lawful men," &c., who found a verdict for plaintiff, on which a judgment was rendered in his favor.

It does not appear from the record that the amendment authorized by the court was in fact made. And if we should consider a count as made in the form mentioned in the judgment-entry, it would not show any cause of action. Was the " money had and received by defendant *from* the plaintiff " received as a *payment* from the latter to defendant, or as a gift, or as a loan, or on deposit to be returned? Nothing appears in the entry to show a liability or basis of liability in favor of plaintiff. It was probably intended that a count should be added " for money had and received by defendant *for* the plaintiff," or for his use. But no such count was filed; and we must presume the trial was had upon the complaint as originally filed.

A bill of exceptions is set forth in the record, which recites that the cause was " an action of *assumpsit* for conversion of the plaintiff's cotton by defendant's intestate; that no evidence was given or offered of any indebtedness of the defendant's intestate to the plaintiff," *except for the conversion* of the cotton; that it was proved that " the defendant was appointed administrator of his intestate's estate on October 11, 1869; and that no evidence was given or offered showing, or tending to show, that the claim in suit was presented to the defendant, except the record of the proceedings in this suit," in which proceedings the death of Collier was suggested, and his administrator

[Malone v. Hundley.]

made a party defendant, by service upon him on the 18th of June, 1870, of the *scire facias* aforesaid; and that upon this evidence the court charged the jury, " that the revival of the suit against the defendant was a compliance with the provisions of the statute of non-claim, and instructed them to find for the plaintiff upon the issue of defendant's plea of *non-claim*, if they believed the evidence," to which charge and instruction defendant excepted. No objection was made by defendant to the charge of the court, on the subject of the indebtedness of defendant's intestate to plaintiff, or on the evidence in respect to it. The only error alleged is supposed to be contained in the charge that the revival of the suit by the service in June, 1870, of the *scire facias*, upon the defendant, as administrator of Collier, was a sufficient presentation of the claim according to the statute.

To sustain this allegation of error, appellant's counsel assume that the verdict of the jury and judgment of the court must be predicated on a count *for money had and received*, filed for the first time, under the leave granted by the court, at the trial term in 1873. And they insist that this amendment then, of the complaint, cannot, by relation back, be considered as a part of the original complaint, and thus become a claim that was presented to the administrator by the revival of the suit against him in 1870. Many authorities are cited to support this proposition.

The argument is ingenious, but there is no foundation for it. The count supposed is not in the record. The verdict was rendered upon the original complaint only. And no objection was made to the relevancy or sufficiency of the evidence to sustain the verdict upon that complaint; and we cannot presume that there was any error in what was done or allowed by the court in that respect. *King* v. *Crocheron*, 14 Ala. 822; *Greene* v. *Tims*, 16 Ala. 542; Ib. 742.

Counsel, doubtless, had in mind, when the bill of exceptions was prepared, and in adopting their line of argument, cases in which it has been held that *assumpsit* will not lie for any tortious act, not even for the conversion by a defendant to his use of property of the plaintiff, except in a case in which defendant has sold the property and received money for it, which *ex æquo et bono* belongs to plaintiff, and may, therefore, be recovered by him in *assumpsit*, on a count for money had and received. Wherefore, counsel assume that it was only upon such a count that the verdict in this cause was rendered. *Fuller* v. *Duren*, 36 Ala. 73.

But we do not know what the evidence at the trial was. True, it is said in the bill of exceptions that this cause was " an action of *assumpsit* for the *conversion* of plaintiff's cotton."

[Watson v. Stone.]

But this, we are bound to know, is incorrect, when we read the complaint; and then it is added, that " no evidence was given or offered of any indebtedness of the defendant's intestate to the plaintiff, *except* for the conversion of the cotton." But there may have been an indebtedness for, *or on account of*, this. Consistently with that recital, it may have been shown that this conversion by deceased of plaintiff's cotton arose out of a mistake admitted by the parties; that thereupon plaintiff presented an account setting forth the value of the cotton to deceased, which he examined, found to be correct, and assented to, as an account stated between them; and that proof of this was presented to the jury. We must presume that the evidence — whatever it was — was relevant and sufficient under the complaint; for no objection was made to it and the court was one of general jurisdiction, in which *omnia præsumuntur rite esse acta.*

This being so, there cannot be any doubt that the revival of the suit within eighteen months against the administrator of deceased was a sufficient presentation to him of the cause of action. Rev. Code, § 2242; *Garrow* v. *Carpenter*, 1 Port. R. 359; *Hunley's Ex'rs* v. *Shuford*, 11 Ala. 203.

Error must be affirmatively shown; it is not enough that an appellate court cannot see that the judgment of the primary court was right; unless shown to be wrong, the presumption of correctness arises. *Ducksworth's Ex'rs* v. *Butler et al.* 31 Ala. 164; *English's Ex'rs* v. *McNair's Adm'rs*, 34 Ala. 40.

The judgment of the court below is affirmed.