THOMAS J. RITCH, Jr., as Administrator, etc., Respondent, v. HENRY W. HAWXHURST, Appellant.

The will of H. gave legacies of $50 to each of his three sons, and directed his residuary estate to be equally divided between his six children. The will contained this clause: "Whatever obligations shall be found that I hold against my sons for whatever I have let them have heretofore shall be considered as my property and shall be considered as their legacy, in whole or in part, as the case may be." At the time of the making of the will the testator was worth $10,000 over all liabilities; he held notes at that time and at the time of his death against defendant, one of his sons, to the amount of $900, by their terms payable with interest. Defendant's distributive share of the residuary estate was less than the amount of the notes. In an action upon the notes, *held*, that it was not the intent of the testator to treat the notes as a gift or advancement, but his design was that they should be treated as a legacy to an amount equal to the legatee's share in the estate and as a debt for the residue.

When the language of a provision of a will is plain and free from ambiguity, effect must be given it in accordance with its terms. When it is equivocal the intention of the testator must be sought for by reference to all the provisions of the will and to such circumstances as may properly be entitled to consideration.

In such case there is no inflexible rule of interpretation to govern the determination of that inquiry, but when the intention is ascertained the language and mode of expression may be subordinated to such intention.

(Argued May 3, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 23, 1886, which reversed a judgment in favor of plaintiff, entered upon a decision of the court without a jury, and granting a new trial.

This action was brought to recover upon two notes made by the defendant, with his seal affixed, of dates November 10, 1869, and March 11, 1870, for $500 and $400, payable to Nathaniel O. Hawxhurst, "or to his executors or administrators," with interest, the former at five and the latter at six per cent.

The payee afterwards died leaving his will, dated June 11,

1875, which was admitted to probate, and letters testamentary were issued to the surviving executor nominated by him.

The will following the formal preliminary clause was as follows :

"*First.* I appoint my son William C. Hawxhurst and Joseph Whitson to be the executors of this my will, with full power to sell and dispose of my estate, both real and personal, and execute good and lawful deeds for the same when, in their discretion, they shall think best, at either public or private sale. And my will likewise is that whatever obligations shall be found that I hold against my sons for whatever I have let them have heretofore shall be considered as my property and shall be considered as their legacy, in whole or in part, as the case may be. •

"*Next.* After all my debts and funeral expenses are paid, then in dividing the balance, let the three sons take each $50 (fifty dollars) first, and then the balance be equally divided, share and share alike, among the six, reckoning Ann Elizabeth among the rest."

On the death of the executor the plaintiff was appointed administrator with the will annexed. Said notes came to his hands among the assets of the testator. The defendant alleged that by the will the notes were bequeathed to him. The trial court dissmissed the complaint.

The further material facts are stated in the opinion.

*John R. Reid* for appellant. The language of testator should not be construed with the precision and exactness of a statute, nor even the strictness of a contract. (*Phillips* v. *Davies*, 92 N. Y. 193 ; *Lytle* v. *Beveridge*, 58 id. 598.) Where words are ambiguous they will not be departed from merely because they may lead to consequences that may be regarded as capricious or even harsh and unreasonable. (*Abbott* v. *Middleton*, 7 H. L. C. 89 ; *Gordon* v. *Gordon*, L. R., 5 H. L. 254, 284.) The court will exercise its power to construe a will, but not to make it anew. (*Seguine* v. *Seguine*, 4 Abb.

Ct. App. Dec. 191, 194; *Clapp* v. *Fullerton*, 34 N. Y. 192, 196; *Phillips* v. *Davies*, 92 id. 199, 204; *Lytle* v. *Beveridge*, 58 id. 598, 602, 604.) The intention of testator expressed in his will must govern; and this must be determined exclusively by the words of the instrument as applied to the subject-matter, and the surrounding circumstances. (*Christie* v. *Phyfe*, 19 N. Y. 344, 348; *Jackson* v. *Laquere*, 5 Cow. 221; *Arcularius* v. *Geisenhainer*, 3 Bradf. Sur. 64.) Where at first a special and subsequently a general term is used, plainly having reference to the same matter, the latter should be limited to the former. (*Christie* v. *Phyfe*, 19 N. Y. 348.) There can be no presumption or any other intent than that which the words employed in a will express and the rule which permits a construction, in aid of an intent not clearly expressed, never allows a disregard of plain provisions which speak positively and which must have full effect given to them, even though the result may be to make it impracticable to execute the will as to all its provisions. (*Myers* v. *Eddy*, 47 Barb. 263; *Van Nostrand* v. *Moore*, 52 N. Y. 12; *Schauber* v. *Jackson*, 2 Wend. 33.)

*George C. Brainerd* for respondent. A transposition of clauses of a will the courts will resort to in cases where wills are unskillfully drawn and where it makes apparent the real purpose of the testator. (*Phillips* v. *Davies*, 92 N. Y. 199.) Neither the consideration for which the notes or obligations were given, nor the notes or obligations themselves, can properly be regarded as an advancement. (Bouvier's Law Dict.) Proof of the circumstances of the testator, at the time of making the will, is admissible in evidence; and the circumstances should be borne in mind as they throw light on the intention of the testator. (Greenl. on Ev. § 278; 86 N. Y. 91.)

BRADLEY, J. This will furnishes an instance of some obscurity in the declaration of a very simple purpose of the testator. And from its provisions, aided in construction, so far as it legitimately may be, by circumstances disclosed, it must be

determined what his intention was in respect to the use or disposition to be made of the notes in question. When the language of a provision of a will is plain and free from ambiguity, effect must be given to its import. When it is equivocal, the intention of the testator in the use of the language employed by him, must be sought for by reference to all the provisions of the will, and to such circumstances as may properly be entitled to consideration. And in such case there is no inflexible rule of interpretation to govern the determination of that inquiry. While rules of construction may aid somewhat the way to a conclusion, they are not to be used to frustrate the intention of the testator, but when that is ascertained the language and mode of expression, if of doubtful import, may be subordinated to such intention. (*Lytle* v. *Beveridge*, 58 N. Y. 592; *Hoppock* v. *Tucker*, 59 id. 202; *Phillips* v. *Davies*, 92 id. 199.) The inquiry arises as to the purpose, which the testator intended to express by the provision of the will, that "whatever obligations shall be found that I hold against my sons, for whatever I have let them have heretofore, shall be considered as my property, and shall be considered as their legacy, in whole or in part, as the case may be." It is argued by the defendant's counsel that the testator by this provision forgave to the sons any debts represented by their obligations held by him, whether there was any residuum of the estate or not, and that if there was any residue, the distribution as directed by the next clause of the will had no relation to such obligation. In other words, that they were to constitute no part of his estate for the purposes of distribution. It appears that at the date of the will the testator's property was worth $10,000, over his liabilities. It does not definitely appear by the record what was the amount of his estate at the time of his death, but the defendant's counsel says it produced a little less than $4,000 for distribution, and there is some evidence which seems to permit that inference. The shares were six, into which the residue was to be equally divided after payment of debts and funeral expenses and after giving $50 to each of the three

sons.   At the time the will was made the amount of his estate was such that the one-sixth of the residue, after payment of his debts and funeral expenses, would have been more than equal to that of the notes.   The fact that the testator took the defendant's notes, is evidence that the amount represented by them was not intended as a gift or as an advancement at the time they were taken.   And the will shows that he did not treat it as such, as in that case it would have constituted no part of his estate.   (*Chase* v. *Ewing*, 51 Barb. 597 ; *Camp* v. *Camp*, 18 Hun, 217.)   But, on the contrary, he, by his will, declared the notes to be his property, and thus constituting part of his estate.   If the purpose of the testator was to give the defendant the notes without charging the amount against his share in the estate, it is difficult to see why he declared them his property and qualified the consideration of them as the defendant's legacy by the use of the words "in whole or in part, as the case may be."   Whether the character of legacy should extend to the whole amount of the notes, is made dependent upon something within the purpose of the testator ; something which might, in a certain event, so qualify it as not to permit the entire amount of the notes to be considered a legacy.   Under what circumstances could it be a legacy, only in part, and also permit the defendant to take one-sixth of the residue after the payment of the debts and funeral expenses of the testator ?   In such case there would have been no occasion to qualify the gift of the notes.   The phrase used by the testator is not consistent with the position assumed on the part of the defendant, that the notes were eliminated from the estate in his behalf for all purposes of distribution of the residue under the other clause of the will.

The testator could, if so disposed, by his will have converted this indebtedness of the defendant into an advancement. (*Green* v. *Howell*, 6 Watts & S. 203.)   In that view it might, with some plausibility, be urged that it was within the design of the testator to make by his will the entire amount of the notes as an advancement, and in the event that they should exceed the amount of the defendant's share in the estate, then

to be to that extent only considered a legacy. But this does not seem the fair or reasonable interpretation of the purpose of the testator. He appears to have treated the notes as his property at the time he made the will, and declares that they shall be considered his property. It is very likely that, in view of his then pecuniary situation, he had in mind the fact that the share of the defendant in the estate might at least equal the amount of the notes, and intended to be understood that, in such case, they should be wholly treated as the defendant's legacy, and, in that manner, satisfied; but in the event that his share in the estate should be insufficient to cover the amount of the notes, they should only in part go to him as a legacy. That view of the intention of the testator gives practical effect to all the provisions of the will, and renders it consistent with the circumstances, so far as they are indicated by its provisions or otherwise disclosed by the evidence. It does not appear that the testator held any debts or obligations in any form against any of his sons other than the defendant. The only purpose of discrimination between his children in respect to the distribution of his property among them, expressly declared by his will, was to give to each of his three sons $50 in excess of the shares to his daughters, and nothing other than that in any manner appears to indicate that he did not deem his children equally worthy of his testamentary bounty, and in like manner entitled to it.

These views lead to the conclusion that the notes constituted a part of the estate of the testator, and that he did not intend by his will to treat them as a gift or advancement to the defendant; but his design was that they should be considered a legacy to the defendant so far as his share in the estate would permit.

The order should be affirmed and judgment absolute directed for the plaintiff.

All concur, except BROWN, J., dissenting, and VANN, J., not voting.

Judgment accordingly.