(75 Misc. Rep. 532.)

### RENCKERT v. BASTIAN et al.

(Supreme Court, Special Term, Wayne County.     February, 1912.)

WILLS (§ 448*)—CONSTRUCTION—BENEFICIARIES.

Where a testator made a pecuniary legacy to each of his brothers and sisters, naming them, "or their heirs and assigns," knowing that, of those named, a brother and sister had been dead for many years and had living descendants, and directed that one-third of the remainder of his money be paid to his wife and the balance divided equally among the brothers and sisters named to whom, after an absolute devise of one-third of his real estate to his wife, he devised all the residue subject to a life estate to his wife, the court, acting on the presumption that he intended to dispose of all the property, will read into the devise of the remainder of the real estate the words "or to their heirs and assigns," in order to entitle the descendants of the deceased brother and sister to their ancestors' shares of the residuum of the realty.

[Ed Note.—For other cases, see Wills, Cent. Dig. § 964; Dec. Dig. § 448.*]

Action by Philip Renckert against Bernhard Bastian and others for partition. Judgment ordered.

C. G. Blaine, for plaintiff.
W. W. Armstrong, for defendants Strohm and others.
Greenwood & Harris, for defendant Henry G. Renckert and another.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SAWYER, J. This action is for partition and involves certain lands owned in his lifetime by one Michael Renckert. The division thereof depends upon the construction of a will made by him upon the 3d day of January, 1895, and about a year before his death, which contains, among others, the following provisions:

"I give and bequeath to each of my brothers and sisters or to their heirs or assigns, namely, Mrs. Magdalena Beck, Mrs. Barbara Schaub, Mrs. Salomea Strohm, Philip Renckert, Henry Renckert and Carolina Rooker the sum of one hundred sixteen and 66/100 dollars each, to be paid them after my death by my executor hereinafter appointed. Also after my decease if there is more money on hand than to satisfy the above bequest, I give and direct one-third of the remainder to be paid to my wife, Barbara Renckert, and the rest to be equally divided among the above mentioned brothers and sisters.

"I give and bequeath unto my said wife, Barbara Renckert, the use, occupation and enjoyment of all my estate during her natural life.

"I give, devise and bequeath one-third of my real estate to my said wife in fee to be held and enjoyed by her, her heirs and assigns forever.

"All the rest, residue and remainder of my real estate I give, devise and bequeath to my brothers and sisters above mentioned, to be equally divided between them, share and share alike, subject however to the life occupancy thereof by my said wife, as aforesaid."

It is conceded that the sister Salomea Strohm died in the year 1856, and the brother Henry Renckert in the year 1865; that Mr. Renckert had known of the deaths of this brother and sister ever since the happening thereof, and was aware that each of them had descendants living at the time he executed the will in question.

The query now presented is whether the descendants of this deceased brother and sister take their ancestor's share of the residuum of the real estate under the last clause of the will, or whether such devises lapse and as to that two-sixths interest Mr. Renckert died intestate. Counsel agree that under the law and the general rules of construction a devise to a person not living at the time the will takes effect usually lapses. If, however, a contrary interpretation can properly be gathered from the terms of the will read in the light of its circumstances and surroundings, such interpretation must govern. There is no inflexible rule of interpretation to govern the determination of the inquiry; but, when the intent is ascertained, the language and mode of expression must be subordinated to such intention. Ritch v. Hawxhurst, 114 N. Y. 512, 21 N. E. 1009.

Where, upon examination of a will taken as a whole, the intention of the testator appears clear, but its plain and definite purposes are endangered by inapt or inaccurate modes of expression, the court may, and it is its duty to, subordinate its language to the intention; it may reject words and limitations; supply or transpose them to get at the correct meaning. Phillips v. Davies, 92 N. Y. 199.

The reported decisions of our appellate courts constantly reaffirm these rules of interpretation, and assert the endeavor to ascertain and effectuate the real intention of testators. They but enunciate the policy of our law that, whenever it can be done, the desire of a decedent is to be fulfilled and not thwarted by narrow or technical rules. The court is not thereby permitted to make for a man a new will in accordance with what is conceived to have been his intention, but in

honest and serious judgment the rules are to be applied solely and only for the purpose of giving life and virility to a clear and unmistakable testamentary intention, derived from the instrument under consideration and the circumstances connected therewith.

Does the will under consideration display unmistakably an intent to dispose of his entire estate? If not, why were Salomea and Henry referred to after its first paragraph?

The deaths of this brother and sister were well known to Mr. Renckert when the will was drawn. Notwithstanding, and at the very outset, he gives a certain sum, evidently the precise amount of money of which he was then possessed, to his brothers and sisters, naming them all and including the two that were dead, providing that the share of all such as were dead should go unto their heirs or assigns. In the same clause, having in mind the possible change for the better in his worldly affairs and as a part of the same purposes, i. e., the disposition of his money, he provided that all additional moneys should be divided, one-third to his wife, and the remainder among, *not the four brothers and sisters who were then living,* but among his said brothers and sisters in the same clause named. This provision must be interpreted in the light of and with the key furnished by the express provision immediately preceding. The evident scheme of the distribution of his personal property was (aside from the gift to his wife) its division into six equal parts, and among the six brothers and sisters, or the heirs of such as might be dead; otherwise, he would have died intestate as to two-ninths of all money in excess of $700 of which he might die possessed, a situation which, to my mind, was furthest from his intention. No other purpose can be implied from there mentioning the brother and sister whom he knew to be then dead, than that "their heirs or assigns" should stand in their places, as objects of his bounty, exactly as he had provided in the disposal of the $700.

Such construction is strengthened by the fair legal presumption, arising from the very making of the will, that he intended to dispose of all his property (Byrnes v. Baer, 86 N. Y. 210), and accords with the rule which favors, when possible, a construction that prevents a partial intestacy. Schult v. Moll, 132 N. Y. 122–127, 30 N. E. 377.

It may be said that it requires the words "or to their heirs or assigns" to be supplied, but for this there is ample authority in law (Phillips v. Davies, supra), and much more reason in fact than for reading into the clause "except Salomea and Henry," or some similar expression necessary to indicate an intent to die intestate as to part of his estate.

The discussion of that portion of the will relating to personal property is of no use in this action, however, but for the light its true meaning throws upon Mr. Renckert's testamentary plan for the disposition of his real estate. The entire will is to be read together and the same key used in the solution of both problems. It is significant that he undoubtedly intended to make the same division of his real estate, and to the same persons, as he already had of the surplus money.

To this end, in another clause to be sure, but in practically identical language, he gives one-third thereof unto his wife; and the remainder

to "my *brothers and sisters above mentioned* to be equally divided," etc. Adopting the same general plan of division, and using therefor the same phraseology, can it reasonably be claimed that he intended to exclude the "heirs and assigns" of Salomea and Henry from participation in the real estate, and yet permit them to share in all the moneys other than the first $700? I think not. This conclusion is supported, also, by his express statement that he gives to the brothers and sisters above mentioned "*all* the rest, residue and remainder of my real estate." These words preclude any finding of an intent to dispose of four-sixths of such residue and to die intestate as to the rest.

Having no children, and having suitably provided for his wife, Mr. Renckert unquestionably desired that his savings from his years of labor should go to those of his own blood, one-sixth part to each brother and sister living, and a like one-sixth part to the family of each brother and sister then dead. His will clearly manifests that intention and must be so construed.

Findings and interlocutory judgment, based upon the facts proved and in accord with the foregoing opinion as to the contested shares of the defendants claiming under Salomea Strohm and Henry Renckert, respectively, may be submitted for signature.

Judgment accordingly.