Settle decree accordingly.

---

## In re VOSSELER'S ESTATE.

### (Surrogate's Court, New York County.   March 4, 1915.)

1. WILLS ⊶487—CONSTRUCTION—EVIDENCE—DECLARATION OF TESTATOR AS TO INTENTION—ADMISSIBILITY.

    Declarations by a testator to the draftsman of his will are generally inadmissible to show testamentary intention, unless the will is ambiguous.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1023, 1026–1032; Dec. Dig. ⊶487.]

2. WILLS ⊶487—CONSTRUCTION—EVIDENCE—DECLARATIONS OF TESTATOR AS TO INTENTION—ADMISSIBILITY.

    Where the question on the face of the will is one of construction as to whether the share of the residuary estate bequeathed to a predeceased sister of testatrix was absolute, so as to have lapsed, the admission of extrinsic evidence of intention is not proper.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1023, 1026–1032; Dec. Dig. ⊶487.]

3. WILLS ⊶555—CONSTRUCTION—NATURE OF ESTATES—WORDS OF LIMITATION—"HEIRS AND ASSIGNS."

    The words "heirs and assigns," used in bequeathing a residuary estate, real and personal, to one and her "heirs and assigns," are words of limitation, and do not import a substitution.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1199–1202, 1204; Dec. Dig. ⊶555.

    For other definitions, see Words and Phrases, First and Second Series, Heirs and Assigns.]

4. WILLS ☞775—CONSTRUCTION—NATURE OF ESTATES—WORDS OF LIMITATION—LAPSE.

Where a will provided that testator bequeathed the residuary estate, both real and personal, to a brother-in-law, niece, sister-in-law, and another sister-in-law, Mrs. Helbig, and their heirs and assigns, to have and to hold the same for their own use, benefit, and behoof forever, share and share alike, per stirpes, and not per capita, the gift to Mrs. Helbig was absolute, and lapsed on her predeceasing testatrix, since the qualification as to her heirs and assigns was in the habendum clause, and related only to the quantity of the estate the donee took.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1997–2000; Dec. Dig. ☞775.]

5. WILLS ☞487—CONSTRUCTION—GIFT OF RESIDUARY ESTATE AS ABSOLUTE OR QUALIFIED—PRESUMPTION.

The presumption is that a testamentary gift is absolute, unless clearly and expressly qualified.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1023, 1026–1032; Dec. Dig. ☞487.]

6. WILLS ☞775—RIGHTS OF LEGATEES—LAPSE—DEVISEES.

Before the Revised Statutes the doctrine of lapse applied indiscriminately to gifts with and without words of limitation to heirs or heirs of the body, and it applied equally to bequests of personalty, even where words of limitation followed. By 2 Rev. St. (1st Ed.) p. 66, only devises and bequests to a particular child or other descendant of testator were excepted from lapse by death before testator, and a bequest of a residuary estate to a sister lapses on such sister's predeceasing testatrix.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1997–2000; Dec. Dig. ☞775.]

7. WILLS ☞614—CONSTRUCTION—NATURE OF ESTATES—GIFT TO DEVISEES AS INDIVIDUALLY, NOT AS A CLASS.

A devise, not to a class, but to devisees named, cannot be construed as intended to vest merely a life estate in the named beneficiaries and remainder in their heirs.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1393–1416; Dec. Dig. ☞614.]

Accounting by Caroline M. Tamargo, administratrix with the will annexed of Gertrude Vosseler, deceased. Decree construing will.

Graham & Stevenson, of New York City, for administratrix.

William Duncan Cameron, of New York City, special guardian, for Charles Manke and Joseph Manke.

J. Robert Rubin, of New York City, special guardian, for William Bourdet.

Root, Clark, Buckner & Howland, of New York City (Grenville Clark and Silas W. Howland, both of New York City, of counsel), for adult heirs of Mrs. Helbig.

Morris Grossman, of New York City (Benjamin E. Messler, of New York City, of counsel), for respondents Manke and others.

FOWLER, S. The construction of the will of testatrix becomes necessary upon the accounting of the administratrix c. t. a. The third paragraph of the will reads as follows:

"Third. I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, of whatever name or kind, and wheresoever the same may be or is situated, which I now own, am seized or possessed or

otherwise interested in, or which I may at any time hereafter acquire and be interested in, unto the following named persons, viz.: My brother-in-law, Jacob Vosseler; my niece, Lena Damarco, née Meixmer; my sister-in-law, Mrs. Helbusch, née Vosseler, and my sister-in-law, Mary Vosseler, the two last named being residents now or late of the city of New Orleans, La., their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever, share and share alike, per stirpes and not per capita."

Mrs. Helbig, a sister of the testatrix's husband, misnamed "Helbusch" in the will, predeceased the execution of the will, but whether this was known to the testatrix is uncertain, and for the purpose of this case immaterial. Mrs. Helbig left as her sole heirs two daughters, both of whom were living at the date of testatrix's death. The question in this proceeding is whether these heirs took by substitution the share sought to be devised and bequeathed to Mrs. Helbig under the will, or whether the devise and bequest to Mrs. Helbig was absolute and therefore lapsed.

[1] The heirs of Mrs. Helbig ask leave, if necessary, to introduce certain declarations of testatrix made to the draftsman of her will as evidence of her testamentary intention. Such declarations are generally inadmissible for the purpose of construing a will (Reynolds v. Robinson, 82 N. Y. at page 106, 37 Am. Rep. 555; Mann v. Mann, 14 Johns. 1, 7 Am. Dec. 416), unless it is ambiguous or equivocal (Ritch v. Hawxhurst, 114 N. Y. 512, 21 N. E. 1009); but the nature of the extrinsic evidence is then restricted by rules not now uncertain in their limitations.

[2] The main question on this will is whether the daughters of Mrs. Helbig were intended to take by substitution the share of their predeceased mother in the residuary estate of testatrix, or whether the gift to their mother was absolute, and lapsed by reason of the death of Mrs. Helbig before testatrix. This question is one of construction on the face of the will, and no extrinsic evidence of intention seems proper or competent under the authorities.

[3, 4] First. Is the gift to Mrs. Helbig, her heirs and assigns, absolute or substitutional? The language of the will now before me is peculiar. By the third clause testatrix gives the residuary of her estate to four persons (one of whom is Mrs. Helbig), "their heirs and assigns, to have and to hold the same to their own use, benefit and behoof forever, share and share alike, per stirpes and not per capita." The words "heirs and assigns," standing alone, would undoubtedly be regarded as words of limitation, and not as importing a substitution. Bolles v. Bacon, 3 Dem. Sur. 43; Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457. It is admitted that if the gift had been to Mrs. Helbig, her heirs and assigns, it would undoubtedly, under the authorities, have been absolute and defeated by her death prior to testatrix. But it is insisted that the words "heirs and assigns" do not stand alone in the limitation, as the will goes on to provide that the four persons specifically named (including Mrs. Helbig), "their heirs and assigns, are to have and to hold the same for their own use, benefit and behoof forever, share and share alike, per stirpes and not per capita." Counsel argues that to hold that the words "per stirpes and not per capita" are to be disregarded or given no effect at all would ignore that cardinal rule of

construction which requires all the expressions in a will to be given effect or consideration whenever it is possible.

What the legal effect of the words "per stirpes and not per capita" in such a limitation as that employed in Mrs. Helbig's will does not seem to be determined expressly in this state. But it is argued by counsel for Mrs. Helbig's heirs that several cases in the later English books afford analogies which should not be disregarded by the surrogate. Dick v. Lacy, 8 Beav. 214; Pearson v. Stephen, 5 Bli. (N. S.) 203. I have examined those decisions with care, and am not convinced that their reasoning applies here. Those adjudications were constructions of remainder interests, which is not the fact here.

[5] Here the qualification of the gift, if any, is contained in what may be called the habendum clause and not in the gift itself. It seems to me that, this being so, under the law of this state the gift to Mrs. Helbig is to be regarded as an absolute gift to her only, and not as a substantial gift to some one else in the event of her death. The presumption of our law is that a testamentary gift is absolute, unless it is clearly qualified by the words of gift. The qualification in this will is not contained in the words of gift, but in what may be called the "habendum" clause beginning "to have and to hold the same." Now, the words of an "habendum" clause necessarily relate only to the quantity of the estate or interest the donee Mrs. Helbig herself was intended to take. It seems to me that the true construction of this will is that the bequest or devise to Mrs. Helbig was absolute and unqualified, and that the words following "to have and to hold" in the third clause of the will do not cut the gift down or make it conditional. If absolute, it is conceded that the gift lapsed by reason of Mrs. Helbig's death before testatrix. It is perhaps unnecessary to refer to the doctrines governing lapsed devises or legacies except very briefly.

[6] Before the Revised Statutes the doctrine of lapse applied indiscriminately to gifts with and without words of limitation to heirs or to heirs of the body, and it also applied equally to bequests of personalty, even where words of limitation to his executors or administrators had followed the bequest to a person deceased before the will took effect. Matter of Wells, 113 N. Y. at page 403, 21 N. E. 137, 10 Am. St. Rep. 457; Kimball v. Chappel (Sup.) 18 N. Y. Supp. 30. When mere words of limitation and not of substitution were added to a devise or bequest to a person who died before testator, they did not prevent a lapse. Britt v. Rigden, Plowd. 340, 345, cited 113 N. Y. 403, 21 N. E. 137, 10 Am. St. Rep. 457.

The Revised Statutes saved devises and bequests to a particular child or other specified descendant of the testator and do not refer to devises and bequests to any other persons. 2 R. S. 66. The result is that the common-law doctrines concerning the lapse of legacies and devises still prevail in respect to every devise and bequest which is not made specifically to a child or other descendant of the testator. The disposition of the property of testatrix under the third paragraph of her will does not come within those classes of devises and bequests to which the doctrine of lapse does not apply. It is not necessary to refer to these exceptions at length, except to note that these exceptions are fundamental and remain exceptions at present.

[7] It is conceded by all the parties in court that the will of Mrs. Vosseler cannot be construed as intending to vest a life estate in the named beneficiaries and a remainder in their heirs. The devise is not to a class, but rather in fee to the devisees named. As stated before, the words "heirs and assigns" are mere words of limitation and do not import a substitution (Bolles v. Bacon, 3 Dem. Sur. 43; Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457), and the doctrine of lapse applies unless the· testamentary gift was substitutional, which I hold it was not. The devise to Mrs. Helbig having lapsed, testatrix must be deemed to have died intestate as to that part of her estate which she sought to dispose of for the benefit of Mrs. Helbig.

Settle decree accordingly.