Matter of the Application to Compel the Payment of a Legacy under the Last Will and Testament of AGNES DOUGLAS, Deceased.

(Surrogate's Court, Bronx County, October, 1916.)

Wills — legacy — ambiguous language — executors and administrators — evidence —· trusts.

> The will of the testatrix contained in a paragraph thereof a bequest of a sum of money to a legatee named. No other reference to such legacy was made in any other part of the will.

> The executor claimed that the decedent intended said bequest to be in trust for the benefit of a niece and was not an absolute bequest to the legatee named and offered evidence of declarations by the decedent to that effect.

> Held, that as the language of the will was not ambiguous such declarations could not be received in evidence for the purpose of ascertaining the intent of the testatrix.

PROCEEDING under section 2687 of the Code of Civil Procedure to compel payment of a legacy.

T. Channon Press, for petitioner.

Frederick A. Southworth, for executor, respondent.

SCHULZ, S.   The will of the testatrix contains the following provision: " Third. I give and bequeath to John Black, if he be living at the time of my death, the sum of One thousand ($1,000.) Dollars." No other reference is made to this legacy in any other part of the will.

The legatee in question has proceeded under section 2687 of the Code of Civil Procedure to compel payment of this legacy. The respondent urges that at or about

Misc.] Surrogate's Court, Bronx County, October, 1916.

the time the will was executed the decedent made statements to the effect that she was giving the money outright to the legatee named, for the purpose of turning the same over to a niece of the decedent as her needs required; that she had absolute confidence in the legatee and knew that he would carry out her wishes in the matter. The respondent has refused to pay the legacy unless the legatee gives him a voucher acknowledging the receipt of the legacy as trustee for the niece, or, in the alternative, furnishes a bond to indemnify the estate for loss by reason of a claim, if any, by the said niece. I am asked in effect to construe the provision quoted as creating a trust for the benefit of the niece, for if there be no such trust the legatee is unquestionably entitled to the payment of his legacy.

While it is the duty of the court to subordinate the language employed in the will, to the intention of the testator when that has been ascertained (*Phillips* v. *Davies,* 92 N. Y. 199, 204; *Robinson* v. *Martin,* 200 id. 159, 164), and while courts have frequently for the purpose of effectuating an intent that could be gathered from a reading of the entire instrument not only left out but inserted provisions (*Roe* v. *Vingut,* 117 N. Y. 204; *Dreyer* v. *Reisman,* 202 id. 476, 480), nevertheless, the court has no right or power to make a will for the decedent. *Wager* v. *Wager,* 96 N. Y. 164. Its function is limited to interpreting and construing a will made. *Herzog* v. *Title Guarantee & Trust Co.,* 177 N. Y. 86. In this work of construction, the intention of the testator must be gathered from the words used. It must not be a matter of conjecture or speculation on the part of the court. *Matter of Miner,* 146 N. Y. 121, 131.

Nor can any weight be given to the alleged declaration of the testatrix above referred to.

Surrogate's Court, Bronx County, October, 1916.   [Vol. 97.

In *Mann* v. *Mann,* 1 Johns. Ch. 231, 234, it was said: "It is a well settled rule, that seems not to stand in need of much proof, or illustration, for it runs through all the books, from *Cheyney's Case* (5 Co. 68) down to this day, that parol evidence cannot be admitted to supply or contradict, enlarge or vary, the words of a will, nor to explain the intention of the testator, except in two specified cases: 1. Where there is a latent ambiguity, arising *dehors* the will, as to the person or subject meant to be described; and, 2. To rebut a resulting trust." See also *Brown* v. *Quintard,* 177 N. Y. 75, 83, and *Reynolds* v. *Robinson,* 82 id. 103, 106, where this holding was recognized by the Court of Appeals. Since that time the weight of authority is that a third exception exists where there is a patent ambiguity which may be resolved by such evidence. *Matter of Fowles,* 95 Misc. Rep. 48 and cases cited.

If the language of the will were ambiguous, then under the rules stated such declarations might be admitted for the purpose of ascertaining the intent of the testator (*Ritch* v. *Hawxhurst,* 114 N. Y. 512), but as the language is not open to that objection such declarations could not be received in evidence (*Mann* v. *Mann, supra, Reynolds* v. *Robinson, supra; Williams* v. *Freeman,* 83 N. Y. 561), and hence may not be considered by me in this proceeding. It follows that the application must be granted.

Application granted.